Tompkins, J.,
delivered the opinion of the Court.
Holliday sued Cooper in the Circuit Court of Howard county, where judgment being given for the defendant, the plaintiff sued out his writ of error to reverse the judgment of that Court,
The facts prrse.wed are as follow!; O i the 27th day of February, 1333, Holliday caurel to be issued a capias from the office of the Cleric of the Circuit Court, commanding the Sheriff to take the body of the defendant and have him to answer the plaintiff on the first Monday of July, then next at Fayette. The Circuit Court was by law to be held at Fayette on the fourth Monday of July, instead of the first, when this writ was made returnable. At the regular term, viz : on fourth Monday in July, no business was done; but ail the suits were'Continued over to the 16th day of September. On which day the defendant, who had given bail to the action, appeared and pleaded. He then moved to quash the writ, and the motion being sustained, the Court quashed it accordingly.
The plaintiff in error contends that tile writ is only voidable, and as such the defect in it was cured by the appearance of the defendant, and by his filing his plea, and he cites Williams v. Rogers, 5 Johnson, 163, and Bettis v. Logan, 2d vol. Mo. R. p. 2. The case of Williams v. Rogers was one in which the Court allowed *204 the return of an execution to be amended, saying that the inaccuracy in the return of the writ rendered it voidable, not void; and it is contended that because our statute requires the declaration to be filed before a writ of summons or capias ad respondendum can issue to bring the defendant into Court to answer; therefore such writ is mesne process, and can be amended in any matter. It is very useless to waste time in inquiring whether the writ of summons or capias is with us original process in the common law sense.
It is certain that the capias issued in this cause was the notice to the-defendant to appear and answer to the complaint of the plaintiff, and that it ought to have notified him to appear on the fourth Monday in July, and not on the first. The object of the writ being to notify the defendant of the action and the time and place of holding Court, how can he be less deceived in a misstatement of the time of holding Court by the circumstance of the law requiring the declaration to be filed a few minutes before the writ is issued ?
The case of Bettis v. Logan also relied on, was an action for a malicious prosecution, commenced by Logan v. Bettis in the Circuit Court of Wayne county, thence the venue was changed to the Circuit Court of Cape Girardeau county, and from that county to St. Francois county. In this last county, the report says, the declaration being found mutilated and defaced, leave was given to file another, and the defendant then withdrew his plea before that time, filed and pleaded again to the new declaration filed by the plaintiff. The parties then went to trial; a verdict was found for the plaintiff, and he had judgment.
To reverse this judgment Bettis appealed. In an additional brief furnished to the Court, it was objected that it did not appear on the record how the Circuit Court of Wayne county was legally divested of its jurisdiction, or that the Circuit Court of St. Francois county could legally entertain jurisdiction of the cause. The Court said that although this was not assigned for error, yet it will be noticed. The entry is, James Logan v. Elijah Bettis, change of venue from Wayne county to Cape Girardeau county, and from Cape Cirardeau county to this county. Yet the Court held that because he had withdrawn his plea by leave of the Circuit Court of St. Francois county, and filed another plea and gone to trial, thereupon he had admitted the jurisdiction of the Court. Now it was not pretended that Bettis had not been duly summoned to attend the Circuit Court of Wayne county.
He then appeared and pleaded in that Court, we may fairly presume; and he being in Court, the venue was changed, and if he appeared at any Court afterwards to which the cause was sent by changing the venue, then the conclusion was rational and legal, that all the formalities of the law had been complied with, or that he waived any irregularity.
But in the case now before us, the Circuit Court of Howard county had never been possessed of the cause, and the appearance of the defendant could not cure a void writ which was returnable to no term known to the law of the land. We are of opinion that the Circuit Court committed no error, and its judgment is therefore affirmed.