RICHARD E. ELEE, Plaintiff in Error, *v.* WILLIAM WAIT, Defendant in Error.

### ERROR TO McHENRY.

A subpœna in chancery, dated in March, commanding an appearance on the third Monday of March "next," is a nullity; and notice of publication founded upon a return to such a process, will not authorize a judgment by default.

THIS was a bill filed in the McHenry Circuit Court on the 2nd day of March, 1860, by Richard E. Elee against William Wait, to foreclose a mortgage. Bill in the usual form, except that it recites a mistake in the description of the mortgaged premises.

The summons was issued on the 2nd day of March, 1860, by which the sheriff was commanded to summon William Wait to appear on the first day of the next term, to be holden on the third Monday of March next, to answer unto Richard E. Elee.

Summons was returned—defendant not found. Return, has no date.

Proof of publication filed. No affidavit of non-residence made and filed.

The notice of the pendency of this suit as published recites: *Richard E. Ehle* v. *William Wait.* That affidavit of the non-residence of William Wait had been filed in the office of the clerk of said court, etc. Notice was given that the said complainant had filed his bill in said court, and that summons was thereupon issued against said defendant, returnable on the third Monday of October next, and notifying the defendant to appear on the third Monday of October, 1860.

Default of the defendant in the usual form, taken as confessed and referred to master.

Report of master in the usual form, and approved by the court.

Decree for plaintiff against defendant for $950, without proofs to support it; and an order for the sale of the mortgaged premises; and that a mistake made in the description of the premises in the mortgage mentioned be corrected, and the sale of the premises intended to be mortgaged ordered.

H. S. HANCHETT, for Plaintiff in Error.

CHURCH & KERR, for Defendant in Error.

BREESE, J. The only point made in this case is as to the propriety of entering a default against the defendant, and a final decree against him, under the circumstances of the case.

It was a bill in chancery to foreclose a mortgage and to correct a mistake in the description of the land mortgaged, filed at the March term, 1860, of the McHenry Circuit Court, by the defendant in error against the plaintiff in error.

The subpœna in chancery is dated March 2, 1860, and commanded the defendant "to appear before the Circuit Court of said county on the first day of the next term thereof, to be holden, etc., on the third Monday of March next, to answer," etc.

The sheriff returns, without date, *non est inventus*, but the writ and return was filed in the clerk's office on the 8th of March, 1860.

At the October term, 1860, next succeeding, the complainant made proof of publication of the pendency of the suit

and the defendant not appearing, his default was entered, and the bill taken for confessed, and the matters of the bill referred to the master. The notice by publication recites the fact that affidavit of the non-residence of the defendant was filed in the clerk's office of the Circuit Court.

During the term of October, 1860, the master in chancery made his report, which was confirmed, and a decree of sale passed.

The errors in the proceedings are quite apparent.

The subpœna required the appearance of the defendant to the March term, 1861, and makes a case in all respects like the case of *Calhoun* v. *Webster and Hickox*, 2 Scam. 221, and *Hildreth* v. *Hough et al.*, 20 Ill. 331.

In the first of these cases the court said, where more than a term intervenes between the test and return day, of original process, the writ is a nullity. In the other case the summons was dated October 11, 1855, and made returnable to the fourth Monday of October next, in which case the summons was, by its own provision, made returnable to the fourth Monday of October, 1856, and thereby, more than one year would intervene the test and return of the writ. "Next," in its connection, refers to the month and not to the Monday. The writ is consequently a nullity, and the default taken irregular.

Here the term of March, 1860, and of October, 1860, intervened the test and return of the subpœna, and was therefore a nullity.

The notice by publication was also insufficient, admitting that an affidavit of non-residence was filed as recited by the clerk in the notice. It is insufficient because the notice recites that a summons was issued on filing the bill of complaint, returnable to the October term, 1860, whereas the record shows that no such summons issued, but a summons to appear at the March term, 1861, of said court.

The defendant then, not having been brought into court by summons or publication, and no appearance entered, the default against him and all subsequent proceedings were irregular and void, and the decree must be reversed.

*Decree reversed.*