# John Miller

## *v.*

# Henry H. Handy.

1. Process — *of the return day.* If more than a term of the court to which a writ is made returnable intervenes between the teste of the writ and the return day thereof, the writ is a nullity.

2. So, where a *scire facias* bore date on the 1st day of August, 1838, and required the party to appear on the "third Monday in August *next,*" it was held the word "*next*" referred to the month and not to the Monday, and more than a term of the court intervening between the teste and the return day, the writ was void.

3. Evidence — *attacking judicial proceedings collaterally.* Where a defendant in ejectment claims title under a judgment and execution, and the court did not have jurisdiction to render such judgment, then all the proceedings were *coram non judice* and void, and can be attacked collaterally in the action of ejectment.

4. PROOF OF SERVICE OF PROCESS — *recital in the judgment or decree* — *the rule in collateral proceedings.* A party who has purchased land under the judgment of a court of competent jurisdiction, *bona fide*, and with no notice of any such defects as the absence of a summons or notice, shall not be put in jeopardy of his title, or be required to take the risk of the loss or abstraction of a loose paper from the files, when the decree or judgment of the court recites the fact that process was duly served, or the required notice duly given.

5. The rights of parties depending upon these preliminary facts, should be as secure, unless impeached by the record itself, as upon any other adjudicated facts in the cause, especially after the lapse of so long a time as twenty-five years.

6. So, where the judgment, in a proceeding by *scire facias* to foreclose a mortgage, recites the fact that two writs of *scire facias* had been returned " *nihil*," while the rule would be otherwise in a direct proceeding to reverse the judgment, yet, in a collateral proceeding, the stating of that fact in the record is, at least, *prima facie* evidence of its existence, to be rebutted only by the clearest proof. And the mere absence from the files of one of the writs of *scire facias* would not rebut the presumption arising from the finding of the court.

7. The presumption arising from such a recital would be rebutted if there were not the requisite terms of court intervening to which the several writs could be properly made returnable, but where there was time and opportunity for the writs to have been issued and returned, as found by the court, the presumption in favor of the finding, in the absence of proof to the contrary, must prevail.

APPEAL from the Superior Court of Chicago: the Hon. VAN H. HIGGINS, Judge, presiding.

This was an action of ejectment instituted in the court below by Henry H. Handy against John Miller. A trial resulted in a finding and judgment for the plaintiff. The cause is brought to this court by the defendant, by appeal. The opinion of the court contains a sufficient statement of the case.

Messrs. WALKER & DEXTER, for the appellant.

Messrs. BORDEN & SPAFFORD, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

We shall consider but one or two of the questions made on this record, as a decision upon them will dispose of the case.

The action was ejectment brought by Henry H. Handy against John Miller, the plaintiff claiming the premises in virtue of deeds of conveyance from the heirs at law of Henry S. Handy to him. Henry S. Handy claimed the same, through one Samuel Ressique, who had purchased the land of the United States.

The defendant claimed to hold the premises as tenant of John Ferguson, who claimed the same in virtue of certain proceedings by *scire facias* against Henry S. Handy in his lifetime, to foreclose a mortgage he had executed on the premises, to Brewster, Solomon & Company.

The proceedings were commenced in the Cook Circuit Court at the August Term, 1838. The judgment was entered at November Term, 1839.

The first writ which issued, was substantially as follows, after stating the venue in the margin: Of the August Term of the Cook county Circuit Court, in the year one thousand eight hundred and thirty-eight. The people, etc., to the sheriff of Cook county, greeting: Commanding the sheriff that he make known to the said Henry S. Handy, if he be found, etc., that he is required to appear before the Circuit Court for Cook county on the third Monday in August *next*, at the court-house in Chicago, on the first day of the term thereof, etc. This writ was dated August 1, 1838, and was returned "not found."

The appellee insists this writ was void, and in this he is sustained by the decisions of this court in the case of *Calhoun* v. *Webster et al.*, 2 Scam. 221; *Hildreth* v. *Hough et al.*, 20 Ill. 331, and *Elee* v. *Wait*, 28 id. 70. The word "next" refers to the month, and not to the Monday, and more than one term of the court intervening the teste and the return day, the writ was a nullity. This is well settled. By no rational construction can this writ, in the light of those decisions, be made good.

It appears from the record, that appellant introduced in evidence an *alias* writ of *sci. fa.* returnable to the March Term, 1839, which was also returned "not found," and a judgment was rendered thereon. The appellant also introduced in evidence, a judgment entered against Handy at the November

Term, 1839, on an *alias* writ returnable to that term. Why two judgments were rendered in the cause does not appear; the question before us is, as to the effect of this last judgment rendered at the November Term, 1839.

That judgment recites that plaintiffs appeared by their attorney, and defendant made default, " and it appearing to the court that two writs of *scire facias* have been issued herein, and " *nihil* " returned thereon, it is therefore considered by the court that plaintiffs have judgment, etc., and have a special execution, etc. Through this judgment and execution appellant's lessor derived his title. The question presented here is, did the court have jurisdiction to render this judgment? If it had not, then all the proceedings were *coram non judice* and void, and they may be attacked, collaterally, in this action of ejectment.

The court finds, that two writs of *scire facias* had been returned " *nihil.*" This is strong presumptive evidence of that fact, to be rebutted only by the clearest proof. ' The appellee insists that the fact that the first writ issued to the August Term being void, the return on it cannot be regarded and is not to be counted as a return of one " *nihil.*" To this we assent, but it will be perceived, by the act of March 2, 1839, changing the time of holding courts in Cook county from the first Monday in March to the first Monday in April, established, at the same time, other terms of the court, to be held in August and November, hence two terms of the court intervened the judgment at the March Term and that of November Term, so that it was possible for an alias writ to have been issued for August Term and returned *non est.* We are to presume, on the faith of the finding of the court, that such was the fact, as there was time and opportunity for it, and it is stated as a fact found by the court that two *nihils* had been returned. Is it just, is it consonant with right, is it protective of the interests of the public, that the mere absence from the files of one of these writs shall rebut the presumption arising from the finding of the court at the very incipiency of the judgment, and that too after the lapse of more than five and twenty years? The

necessity of such a presumption is fully discussed in the case of *Reddick et al.* v. *The State Bank*, 27 Ill. 145. We there said, it does not seem reasonable to require a party who has purchased land under the judgment of a court of competent jurisdiction, *bona fide*, and with no notice of any such defects as the absence of a summons or notice, to be put in jeopardy of his title, or be required to take the risk of the loss or abstraction of a loose paper from the files, when the decree or judgment of the court recites the fact that process was duly served, or the required notice duly given. These are facts lying at the very threshold of the case, and on which the court is to be informed and to pronounce with the same fidelity as upon any other fact in the cause. It is not to be presumed that any court would state of record the existence of facts which did not exist, or pass a decree or render a judgment, unless the requisite proof of service of process was actually produced. We cannot perceive any reason why the rights of parties depending upon these preliminary facts should not be as secure, unless impeached by the record itself, as upon any other adjudicated facts in the cause, especially after the lapse of more than a quarter of a century. *Goudy* v. *Hall*, 30 id. 109. The record, therefore, stating the fact of the return of two *nihils*, and nothing to the contrary appearing, must be held to be *prima facie* evidence, at least, of the existence of that fact, and there is nothing in the case to show that the finding of the court was not in strict accordance with the fact.

A summons, in all cases, when returned into court, is placed among the papers on file in the cause. It is a loose paper, easily lost and easily abstracted, and if the rule was, that it must be produced in all time to come, when a contest arises, the strongest inducement would be presented to the interested and designing, to abstract such a paper, whereby, notwithstanding the court has found by its decree or judgment that such a paper did exist, a title resting upon it would fall to the ground. This is neither justice nor common sense. The finding of the court ought to prevail unless there is evidence to impeach it. The presumption might be rebutted in this case, if no terms of

court had intervened the March and November Terms; and in a direct proceeding to reverse the decree the rule would be different. This being a collateral proceeding, we are satisfied the presumption arising on the finding of the court, that two *nihils* were returned, independent of the return of the writ to the August Term of 1838, must prevail, there being no evidence to rebut it.

These views dispose of the case on the first point made, and must reverse the judgment.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*