JOHN HOCHLANDER

· *v.*

EVA HOCHLANDER;

1. SERVICE—*sufficiency of return.* A return to a chancery summons, "served, by reading to and leaving a copy with the within named J H, on this 8th day of May, 1872," is too indefinite and uncertain, as it fails to show what the officer read, or of what he served a copy, and does not show he served a true copy of the writ.

2. SUMMONS—*must be returnable to next term.* A summons tested on May 8, 1872, and made · returnable to the third Monday of May next, several terms intervening, is a nullity, and its service confers no jurisdiction.

WRIT OF ERROR to the Circuit Court of Cook county.

This was a bill in chancery, by the appellee against the appellant, for divorce.

The summons was issued May 8, 1872, and made returnable to the "third Monday of May next." The defendant was defaulted, and a decree of divorce entered, and for alimony.

Mr. JOSEPH PFIRSHING, for the plaintiff in ·error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was a proceeding in the court below to obtain a divorce, and the service was made by a special deputy. He made the following return: "Served by reading to and leaving a copy

with the within named John Hochlander, this the 8th day of May, 1872." The return is properly signed, and under it is the following jurat: "Subscribed and sworn to before me, this 11th day of May, 1872. Norman T. Gassett, clerk." This is rather indefinite, but it may fairly be inferred that the deputy swore to the return, which he had subscribed immediately preceding the jurat. But the return is indefinite and uncertain, in so far as he does not state what he read, or of what he served a copy, nor does he say he served a true copy of the summons.

It is next urged·that the summons was utterly void. It was dated on the 8th day of May, 1872, and was returnable to the third Monday of the next May, more than a year from that date, whilst the May term for that year commenced twelve days after its date. The sixth section of the chancery act, under which this writ issued, provides that such writs shall be made returnable to the next term of the court after the date thereof, unless the suit be brought within ten days immediately preceding any term, in which case the summons shall be returnable to the next term thereafter. In this case there were more than days from the date of the writ to the May term, 1872, but it was returnable to the May term, 1873, eight or ten terms intervening between the teste and return, whilst, under the provisions of the statute, it should have been returnable to the term commencing twelve days after its date. In this the statute has not been regarded, and the writ was without force, and failed to confer jurisdiction over the person of the defendant.

This court has repeatedly held that where more than a term comes between the teste and return day of a summons, a writ thus issued is void, and confers no jurisdiction upon the court. See *Calhoun* v. *Webster*, 2 Scam. 221, *Hildreth* v. *Hough*, 20 Ill. 331, *Elee* v. *Wait*, 28 Ill. 70, and *Miller* v. *Handy*, 40 Ill. 448. The writ in this case, according to the rule announced in the cases referred to, was void, and, being void, the court failed to acquire jurisdiction, and having no jurisdiction of the defendant, the decree of the court was equally void with the

writ. The court had no power to act, and every step that was taken was without foundation. Had the clerk been reasonably circumspect, or had the attorney taking the default but have spent a moment's time in examining the writ, all the consequences flowing from a reversal in this case would have been avoided, and the rights of innocent parties would not have been placed in jeopardy.

For the errors in the record which have been indicated, without noticing others, the decree of the court below is reversed and the cause remanded.

*Decree reversed.*