## Philip Holzman, Plaintiff in Error, v. Felix Martinez, Defendant in Error.

*February 1, 1882.*

Practice. (1) *Appearance to move to quash writ of attachment for irregularity, not general, but special.*

Same. (2) *Forthcoming bond in attachment not a general appearance or waiver of irregularities.*

Attachment. (3) *Effect of forthcoming bond.*

Practice. (4) *Judgment by default assumes no appearance to have been made.*

Same. (5) *When judgments nil dicet and on ground of non-appearance should be rendered.*

Same. (6) *Judgment by default, what necessary to authorize in attachment.*

Attachment. (7) *Power of probate clerks to issue writs of.*

Practice. (8) *Service of copy of declaration.*

Same. (9) *Attachment, service of writ.*

Same. (10) *Service of writ and copy of declaration must precede judgment in personam.*

Same. (11) *Attachment, writ returnable on impossible day and term.*

1. When a party appears for the purpose of making a motion for irregularity in a writ of attachment, and states specifically in the motion that he appears for that purpose and no other, it is a special and not a general appearance.

2. A bond given by the owner of property attached to the sheriff for the purpose of enabling the owner to keep possession of the property, is not a waiver by such owner (defendant in the attachment suit) of all preceding irregularities in such suit, and does not operate as a general appearance by him for all purposes.

3. Under the statute, the giving of a forthcoming bond in attachment does not release the property from the attachment lien. It simply constitutes the defendant in attachment the bailee of the sheriff for the safe keeping of the property and for its return to the sheriff in case the plaintiff shall recover, and in default of which the liability of the bond attaches to the defendant and his sureties.

4. A court which renders judgment by default against a defendant does so on the assumption that there has been no appearance by the defendant.

5. If there has been a general appearance by the defendant, it is irregular to proceed to assess damages and enter judgment before first

entering a rule to plead and showing non-compliance with it, and in such a case judgment *nil dicet* instead of for non-appearance, is the proper proceeding.

6. In case the defendant does not appear, it is always incumbent on the court before proceeding in the cause, to see that the preliminary proceedings have been so far regular and sufficient as to confer not only jurisdiction of the subject matter of the suit, but also of the person of the defendant. In an attachment case this is to be determined by the affidavit and bond for an attachment, the writ with the officer's doings thereunder as shown by his return, the declaration and service of a copy thereof, and the authority of the officer issuing the writ.

7. *Quaere,* whether the statutory authority conferred upon probate clerks to entertain applications for and to issue writs of attachment returnable to the district court, does not repeal so many positive requirements of the law previously existing in relation to authenticating the writ and approving the bond in attachment as to render such authority of probate clerks exceedingly doubtful and impracticable.

8. In case of personal service of process, a copy of the declaration must be served on defendant before the court can treat the defendant as in default.

9. The service of a writ of attachment is never complete without also serving the petition or other lawful statement of the cause of action.

10. Where there is nothing before the court in an attachment proceeding to show that the writ has ever been served on the defendant or that the declaration or other statement or notice of the cause of action was ever served on him, the court has no authority to render judgment *in personam* against him.

11. A writ of attachment was in September, 1880, issued and made returnable "at the next March term, 1880."

    *Held,* That the writ of attachment having been made returnable on a day and to a term of court then past, such writ was returnable to an impossible day and term. That all proceedings under it were void, and that the defendant need not have paid any attention to it, even if it had been served.

    PRINCE, C. J., dissented, holding that "1880" had been written in the writ by clerical error, and that the word "next" made it sufficiently apparent that "1881" was intended, and that such day and term were not impossible.

Error to the District Court for San Miguel county.

This is an action of assumpsit in which a writ of attachment was issued by the probate clerk of San Miguel county, on the declaration, affidavit and bond being filed with him.

Holzman v. Martinez.

The writ of attachment is in the Spanish language, and is directed to the alguacil (constable) of the county of San Miguel. It commanded him to attach of the goods, chattels, moneys, effects, credits, etc., of Philip Holzman sufficient to pay the sum of $2,000, in order that it be and appear before the district court in and for the county of San Miguel at the next March term, 1880, before the Honorable L. Bradford Prince, to answer a suit of Felix Martinez; also commanding him to summon said Philip Holzman to appear before the said judge at the time and place aforesaid and answer to the action of the plaintiff.

The writ was dated the twenty-first day of September, A. D. 1880, being the same date on which declaration, affidavit and bond were filed with the said probate clerk.

The writ was also signed and issued by said probate clerk.

Said writ of attachment nowhere states any amount of damages claimed, or what kind of action was brought by Martinez against Holzman.

There is nothing in the writ or indorsed on it to show whether it was an action *ex contractu* or *ex delicto*. It has no indorsement whatsoever of the nature or cause of action or the amount of damages claimed.

The said writ itself is made returnable at no time or place, but directs the property attached to be produced at a term six months previous to the date of the writ, and that the defendant Holzman be summoned to appear before the Hon. L. Bradford Prince at the same time.

The only indorsement on said writ is made by Desiderio Romero, sheriff, by Jose D. Romero, deputy. This indorsement is claimed to be the return of the sheriff of San Miguel county as to his manner of serving said writ, and states that he served the order, having attached property sufficient to cover the debt, as the inventory shows, which property remained in the possession of the defendant, he having given

bond to retain possession of the same.     This return is dated the     day of September, 1880.

Said return does not show that the property attached belonged to Holzman, or that the writ was served on Holzman.

The declaration does not ask for any judgment, and is nowhere referred to in the writ.

The declaration is indorsed, " Filed Sept. 21, 1880, Jesus Ma Tafoya, P. clerk."

The affidavit is indorsed in the same manner.

The bond is indorsed " Filed at my office, Sept. 21, 1880, Jesus Ma Tafoya. P. clerk."

The bond has no particular date, but purports to be on the blank day of September, 1880, and there is no acknowledgment by its makers, or any justification of sureties indorsed thereon, and it does not show that the sureties thereon are residents of the territory of New Mexico.

The writ appears to have been filed by the sheriff of San Miguel county on the twenty-second day of January, 1881. On the eighth day of March, 1881, Felix Martinez, by his attorney, filed in the clerk's office of the district court the declaration, affidavit and attachment bond included in the record; the same in no way showing that they were filed or returned by the probate clerk for the county of San Miguel, and were not filed on or before the first day of the court to which they were made returnable in the body of said writ, nor on or before the first day of the next succeeding term of the district court for the county of San Miguel, after said twenty-first day of September, 1880.

The record does not show why the said papers were not filed on or before the first day of the court in which they were made returnable, or the first day of the March term, 1881, and shows no leave to file the same.

On the ninth day of March, the defendant appeared specially for the purposes of his motion and no other, and moved

to quash the writ for the reasons therein stated, which said motion is included in the record.

On the fifteenth day of March, 1881, the court rendered judgment, overruling this motion, and, afterwards, the court attempted to enter a judgment by default against the defendant, and thereafter, on the eighteenth day of March, 1881, the court, after hearing proofs in behalf of the plaintiff, assessed his damages in the sum of $2,000, and gave judgment in favor of said Martinez and against said Holzman for this sum.

*Louis Sulzbacher* and *Catron & Thornton* for plaintiff in error.

The probate clerk has no authority to issue any process instead of the clerk of the district court: R. S. of U. S, sec. 1871.

All suits in the district court must be commenced by filing a declaration in the office of the clerk of the court, and upon so doing the clerk shall issue the summons to the defendant: Prince's New Mexico Statutes, secs. 54 and 55, p. 122, act of 1878.

Said writ should have been directed to the defendant: *Ib.*

The writ directed to the constable is void: *Ib.*, also sec. 2, p. 527, also sec. 7, p. 137.

A writ returnable to an impossible day, or an impossible term, is void: *Holliday v. Cooper*, 3 Mo., 286.

The summons must state the time of holding the court at which the defendant is summoned to appear: *Thompson v. Bishop*, 24 Texas, 302; *Neill et al. v. Brown*, 11 Texas, 17; *Covington v. Burleson*, 28 Texas, 368; *Wright v. Wilmot*, 22 Texas, 398.

A wrong or impossible date for the return of the writ renders the same void: *Holliday v. Cooper*, 3 Mo., 286.

A valid writ or summons should specify the nature of the action, and a particular day on which it is returnable: Bouvier's Law Dict. (Title Summons), vol 2, p. 559; Viner's

Abridgment (Title Summons); Blackstone Commentaries, book 3, p. 279; Bacon's Abridgment (Title Summons).

Every writ of summons returnable to the district court shall be issued by the clerk of the district court, and shall have a brief statement of the cause of action, nature of the suit, the amount of the damages claimed, and for what demand the suit is brought: 4 Prince's Statutes, sec. 55, p. 122; *Id.*, chap. 29, sec. 1, p. 131; *Howell et al v. Hallett*, 1 Minn., p. 102; *Stone v. Cordell*, 3 Western Law Jourl., 79; Prince's Stats. of New Mex., sec. 42, p. 140, showing that writs of probate clerks must conform to writs of the district clerks.

Persons must be summoned to appear before the court, and not before the judge. A valid writ must have the seal of the district court affixed: Prince's Statutes of New Mex., sec. 3, p. 116; *Foss v. Isett*, 4 G. Green (Iowa), 76; *Shaffer v. Sundwall et al*, 33 Iowa, 579; *Fross v. Schlumpff*, 2 Texas, 522; *Boal v. King*, 6 Ohio, 11; *Smith v. Affanassieffe*, 2 Rich (S. C.), 334.

It must appear by the officer's return, that the property seized belonged to the defendant, otherwise, the attachment is void. Also that the summons was served on defendant as an ordinary citation: *Mason et al v. Anderson*, 3 Monroe, 293; *Anderson v. Scott*, 2 Mo., 15; *Clay v. Neilson*, 5 Randolph, 592; 1 Prince's Statutes of New Mex., sec. 9, p. 139.

When there has been no service on defendant, the judgment is a nullity: *Parker v. Jennings*, 26 Ga. 140.

An insufficient bond renders the attachment void. To make a valid bond, it must appear that the sureties were residents of the county, and acknowledged the bond: *Simonds v. Parker*, 42 Mass., 508; *Moore v. Parker*, 3 Mass., 310; Drake on Attachment, sec. 117; *Houston v. Belcher*, 12 Smedes and Marshall, 514; *Tyson v. Hamer*, 2 Howard (Miss.), 669; *Bank of Alabama v. Fitzpatrick*, 4 Hum-

phrey, 311; Prince's Statutes of New Mexico, Act of 1874, sec. 44, p. 144; *Id.*, sec. 5, p. 136.

A writ is a nullity when made returnable to a wrong or impossible day or term; nothing can be done by virtue of it, nor can it be amended: *Dame v. Fales*, 3 N. H., 70; *Parsons v. Lloyd*, 3 Wilson, 341; 2 Wm. Blackstone, 845; *Bun v. Thomas & King*, 2 Johns., 190; *Burk v. Barnard*, 4 Johns., 309; *Shirley v. Wright*, 2 L. Raym., 775; *Green v. Rivet*, 2 L. Raym., 772; *Mills v. Bond*, 1 Strange, 399.

The affidavit should also state on what account the sum claimed is owing: *Sullivan v. Fugate*, 1 Heiskell, 22; *Moneyhan v. Tarter*, 1 *Ibid.*, 20; *Stewart v. Mitchell*, 10 *Ibid.*, 489; *Rumbough v. White*, 11 *Ibid.*, 261; *Johnson v. Luckadoo*, 12 *Ibid.*, 273; *Willey v. Riorden*, 2 Bax., 227; *Hickman v. Gest*, 1 Sneed, 297.

In actions of attachment begun before the clerk of the probate court, all the papers pertaining thereto shall be returned to the district court on or before the first day of the next term (Prince's Statutes of New Mexico, sec. 23, p. 140), otherwise the proceedings will be invalid.

A statute authorizing proceedings by attachment, must be strictly construed and strictly pursued: *Planters' Bank of Tennessee v. Byrne*, 3 La Ann., 687; *Shirley, Escott & Co. v. Owners of Stmr. Bride*, 5 *Ibid.*, 260; *City of New Orleans v. Garland*, 11 *Ibid.*, 438; *May v. Baker*, 15 Ill., 89; *Pool v. Webster*, 3 Metc. (Ky.), 278; *Wilkie v. Jones*, 1 Morr. (Iowa), 97; *Wooster v. McGee*, 1 Texas, 17; *Humphrey v. Wood*, Wright (Ohio), 566; *Buckley v. Lowry*, 2 Mich., 418; *Mc Pherson v. Snowden*, 19 Md., 197; *Chevalier, v. H. H. Williams & Co.*, 2 Texas, 243.

The plaintiff should set forth the nature of the relief sought (Prince's Statutes of New Mex., sec. 22, p. 118), and ask for some sort of judgment, otherwise the court can grant no relief, nor render any judgment in his behalf whatever.

*Lee & Fort*, for defendant in error.

In the attachment proceedings below, as appears in the record, the writ in the suit was levied upon certain goods by Desiderio Romero, sheriff of San Miguel county, as the property of the defendant in attachment, and thereupon the defendant, Philip Holzman, made and executed to Desiderio Romero, sheriff of said county, a delivery or forthcoming bond, and the property attached was redelivered to him. We hold that by making and executing the bond, the defendant, Philip Holzman, entered an appearance in the suit, and thereby waived all objections to the irregularities in the attachment proceedings: *Dierolf v. Winterfield*, 24 Wis., 143 ; *Childress v. Fowler*, 9 Ark., 159 ; *Gillespie v. Clark*, 1 Tenn., 2; *Harper v. Bell*, 2 Bebb., 221 ; *People v. Cameron*, 7 Ill., 468 ; *Fife v. Clark*, 3 McCord., 347 ; *Reynols v. Jorden*, 19 Ga., 436 ; *Wharton v. Conger*, 9 Sm. & M., 510 ; *Barry v. Foyles*, 1 Peters, 311 ; *Payne v. Snell*, 3 Missouri, 409 ; *McMillan v. Dana*, 18 Cal., 339 ; *Blyles v. Kline*, 64 Penn., 130 ; *Whiting v. Budd*, 5 Missouri, 443 ; *Evans v. King*, 7 Missouri, 411 ; *McGee v. Collow*, 4 Cranch, 251 ; *Shields v. Borden*, 6 Ark., 459 ; *Morrison v. Alpine*, 23 Ark., 136 ; *McCroy v. Austin*, 9 Louisiana, 360 ; *Paddock v. Mathews*, 3 Mich., 18 ; *Swan v. Cameron*, 2 Gillm., 468 ; *Pixley v. Winshell*, 17 Cow., 366 ; Drake on Attachments, pp. 318 and 480.

The defendant moved to quash the writ in the attachment proceedings. We hold that such a motion is an appearance in the cause, whether he was served with process or not, and it is so held in *Whiting v. Budd*, 5 Mo., 443 ; *Evans v. King*, 7 Mo., 411 ; 15 Ind., 194 ; *Swan v. Cameron*, 2 Gillm., 468.

Therefore, while it is not admitted that the proceedings are irregular or void in any particular, yet it is claimed that even if they are, the plaintiff in error is estopped from rais-

Holzman v. Martinez.

ing any question in regard to such irregularities, and therefore the judgment should be affirmed.

*Louis Sulzbacher* and *Catron & Thornton*, in reply:

The giving of a bond under our statutes is no appearance in court and no waiver of irregularities: *Childress v. Fowler*, 9 Ark., 174, 175; *Coplinger v. Steamboat*, 14 Ind., 48; *Glidden v. Packard*, 28 Cal., 649; *Clark v. Bryan*, 16 Mo., 171; *Billin v. White*, 15 La., 624.

A motion to quash the writ is only a special appearance, and a special appearance is only an appearance for the purposes specified in the motion and cannot confer jurisdiction: *Camp v. Tibbetts*, 2 E. D. Smith (N. Y.), 20; *Uye v. Liscomb*, 21 Pickering (Mass.), 263; *Ames v. Winsor*, 36 Mass., 247; *Simcock v. First National Bank*, 14 Ks., 529.

Persons being in presence of the court do not authorize a judgment to be rendered against them unless they have been brought in by legal means: *Jones v. Kenny*, Hardin (Ky.), 103.

The following steps are held not to constitute an appearance: Indorsing an admission of service on a summons: *National Bank v. Rogers*, 12 Minn., 529. Giving bail after arrest under bail process: *Lanneau v. Erwin*, 12 Richardson, (S. C.), 31. Giving a bond by third parties to dissolve an attachment; *Clark v. Bryan*, 16 Mo., 171. Giving an attachment bond in a suit *in rem* in order to get possession of a seized vessel, and taking deposition: *Coplinger v. Steamboat*, 14 Ind., 48. Giving notice of a motion to dissolve an attachment where there had been no personal service: *Glidden v. Packard*, 28 Cal., 649. Making a motion to quash: *Ferguson v. Ross*, 5 Ark., 517; *Girch v. Jeter*, 5 Ark., 383; *Wheeler v. Lampman*, 14 Johnson, 480. Applications raising the question of jurisdiction are no appearance: *Huff v. Shepard*, 17 Post, Mo., 242; *Smith's Administrator v. Rollins*, 25 Mo., 408; 8 U. S. Digest, Action; *Abbott v. Semple*, 25 Ill., 107; *Flake v. Carson*, 33 Ill., 518; *Campbell v.*

*Swasey*, 12 Ind., 70; *Allen v. Lee*, 6 Wis., 478. A defendant's special appearance to object to the jurisdiction does not cure the defect: *Hodges v. Brett*, 4 Green (Iowa), 345; *Milburn v. Fouts, Ibid.*, 346; *Olmer v. Hiatt, Ibid.*, 439. An appearance for the purpose of moving to quash the writ for want of jurisdiction or insufficiency of service, will not subject the party so appearing to the jurisdiction of the court: *Johnson v. Buell*, 26 Ill., 66; *Weil v. Loewenthal*, 10 Iowa, 575. Defects apparent on record may be taken advantage of by motion: *Simonds v. Parker*, 42 Mass., 508; *Willey & Kelly v. Riorden & Ward*, 2 Baxter, 227; *Fingley v. Pateman*, 10 Mass., 343; *Guild v. Richardson*, 6 Pickering, 364. A motion to quash is to be examined on error: 3 Ala., 57; 2 Baxter, 228; Drake on Attachment, 312, 327, 422; 7 Howard (Miss.), 505.

We therefore ask that the judgment of the district court refusing to quash the writ, be reversed.

BRISTOL, Associate Justice: On the 21st day of Sept., 1880, Felix Martinez, the defendant in error, before one Jesus M. Tafoya, the then probate clerk of said county, made an affidavit for an attachment against the property of Philip Holzman, the plaintiff in error, to secure a debt claimed to be due in the sum of $2,000. The affidavit contains no statement as to the cause or grounds of the indebtedness.

On the same day the said Tafoya, as such clerk of the probate court, issued under his official signature and the seal of said probate court, a writ of attachment directed to the constable of said county, commanding him to attach sufficient of the goods, chattels and estate of the plaintiff in error, to pay the said sum of $2,000 with interest and costs. The writ was made returnable to the next March term of said district court for the year 1880.

On the 22d day of January, 1881, the sheriff of said county filed said writ in the office of the clerk of said district court

Holzman v. Martinez.

with the return of his doings thereunder, indorsed thereon as
follows:

"I certify that I have served this order, having attached
property sufficient to cover the debt, as the inventory shows,
which property remained in possession of the defendant, hav-
ing given bond to retain possession of the same.    Done this
day of Sept., 1880.

"DESIDERIO ROMERO, *Sheriff.*
"By Jose D. Romero, *Deputy."*

On the said 22d day of January, 1881, said sheriff also
filed in the office of said clerk of the district court, a receipt
signed by the plaintiff in error, dated Sept. 22, 1880, to the
effect that he had received of said sheriff the goods and chat-
tels that had been attached by him in a suit of Felix Martinez
against him, in which receipt the goods and chattels are
described; and on said 22d day of January, 1881, said sheriff
also filed in said office of the clerk of the district court, a
bond executed by the plaintiff in error as principal and by
two sureties in the penal sum of $4,000, payable to said
sheriff, bearing date the 22d day of September, 1880, to be
void if the said plaintiff in error shall have the property
attached by said sheriff under a certain writ of attachment
sued out by the defendant in error before the said probate
clerk against the plaintiff in error for the sum of $2,000, when
and where the court shall direct, and shall abide the judg-
ment of the court in the premises.  Such bond recites that
said writ is returnable "to the district court for said county
at the March term, as mentioned in said writ."

On the eighth day of March, 1881, the defendant in error
filed in the office of the clerk of the court below, a declara-
tion alleging facts constituting a cause of action against the
plaintiff in error for a money demand in the sum of $2,000
and interest; such declaration having been previously indorsed
as follows:

"Filed Sept. 21, 1880.

"JESUS M. TAFOYA,
" *Clerk.*"

Also on the eighth day of March, 1881, the defendant in error filed in the office of the clerk of the court below, the affidavit for attachment above mentioned; the same having been previously indorsed as follows:

"Filed September 21, 1880.

"JESUS M. TAFOYA,
"*Probate Clerk.*"

Also on the eighth day of March, 1881, the defendant in error, filed in the office of the clerk of the court below, a bond for an attachment against the goods, chattels and estate of the plaintiff in error for the sum of $2,000 bearing date the — day of September, 1880, and reciting among other things, that whereas, the defendant in error had that day "sued out an attachment before JESUS M. TAFOYA, clerk of the probate court, against Philip Holzman, for the sum of two thousand dollars, returnable to the next March term of the district court, for the county of San Miguel," etc.; the same having been previous to such filing with the clerk of the court below, indorsed as follows:

"Approved by me this 21st day of Sept., A. D. 1880.

{ PROBATE COURT SEAL,
NEW MEXICO,
COUNTY OF SAN MIGUEL. }    "JESUS M. TAFOYA,
"*Probate Clerk.*"

And further indorsed as follows:
"Filed in my office Sept. 21, 1880.

"JESUS M. TAFOYA,
"*Probate Clerk.*"

On the ninth day of March, 1881, at the regular March term of the court below, the plaintiff in error, filed with the clerk of such court, the following motion, viz.:

"And now comes the said defendant (plaintiff in error), and for the purpose of this motion and for no other, and moves the court to quash the writ of attachment herein for the following reasons, to wit:"

*First.* Said writ of attachment is void on its face.

*Second.* Said writ of attachment is returnable to an impossible day and impossible term, if to any term at all.

*Third.* Said writ of attachment is returnable before the Hon. L, Bradford Prince, and not before any court.

*Fourth.* The summons in said writ is also returnable before the Hon. L. Bradford Prince and not before the court.

*Fifth.* Said writ bears no teste of any court.

*Sixth.* The said writ has no indorsement containing a brief statement of the cause of action thereon, as required by law.

*Seventh.* Said writ is otherwise uncertain, defective and insufficient in many other respects as appears from the face thereof.

Thereafter at the last aforesaid term of the court below, and before any other proceedings were had in the case, the plaintiff in error appeared for the purpose of said motion, and for no other purpose, and the same being argued by counsel for the respective parties, was submitted and overruled.

Thereafter at the term of the court below last aforesaid, the following and no other proceedings were had in the case as appears from the record, the recital of which is as follows, to wit:

"FELIX MARTINEZ
     v.      } *Assumpsit begun by attachment.*
PHILLIP HOLZMAN. }

"Now comes the said plaintiff (defendant in error), by his attorney, G. W. Prichard, Esquire, and the defendant (plaintiff in error), although three times solemnly called, comes not, but makes default. It is therefore considered by the court that the said plaintiff ought to recover of the said defendant, his damages by reason of the premises."

Afterwards, at the same term, the record recites the following proceedings in the same court, to wit:

"FELIX MARTINEZ }
    v.          } *Assumpsit .begun by attachment.*
PHILIP HOLZMAN. }

" Now comes the said plaintiff, by his attorney, G. W. Prichard, Esq., and the said defendant, having made default on a former day of the present term, and no jury being demanded by the said plaintiff, the court, after hearing the evidence, assesses the damages of the said plaintiff by reason of the premises, at two thousand dollars. It is therefore considered and adjudged by the court, that the said plaintiff, Felix Martinez, recover of the said defendant, Philip Holzman, the sum of two thousand dollars, his damages assessed as aforesaid, and also his costs in this behalf expended, taxed to sixty-six dollars and thirty cents, and that he have execution therefor."

A great many errors claimed to appear on the face of the record, are argued on behalf of plaintiff in error, and a multitude of questions are raised in behalf of either party; they cannot all be considered within our limited time.

The question was elaborately argued as to whether there had been a general appearance in the court below on the part of the plaintiff in error.

It has been uniformly held by all the courts of the territory, that when a party appears for the purpose of making a motion for irregularity, and states specifically in the motion that he appears for that purpose, and no other, it is a special, and not a general appearance. It was persistently urged on behalf of the defendant in error, that the giving of the bond by the plaintiff in error for the purpose of retaining possession of the property claimed by the sheriff to have been attached, was in law a general appearance for all purposes, and was a waiver of all preceding irregularities. Numerous authorities were cited to sustain that assumption, but those decisions were all made upon special statutes differing from ours, many of which expressly providing that among

the conditions of the bond, there shall be one binding the defendant to appear, or suffer default. And all of them providing that such bond shall in effect dissolve the attachment proceedings by transferring the security from the property attached to the bond itself.

No doubt in these cases, the decisions in part were based upon the fact of the regularity of the proceedings so far as to confer jurisdiction upon the court of the subject matter of the suit and over the property attached, as well as of the person of the defendant.

Under our statute, the giving of what is sometimes called a forthcoming bond in attachment, does not release the property from the attachment lien. It simply constitutes the defendant the bailee of the sheriff for the safe keeping of the property, and for its return to the sheriff in case the plaintiff shall recover, and in default of which the liability of the bond attaches to the defendant and his sureties. The doctrine that such a bond constitutes a general appearance on behalf of the defendant, and a waiver by him of all irregularities at a time when no citation has been served on him, and no notice whatever of the cause of the action, either by the declaration or statement in the writ, or otherwise, and that it will so far waive irregularities as to confer upon the court jurisdiction of the subject matter of the suit where none had previously existed, is, in our opinion, manifestly unjust and contrary to sound principles of law.

But outside of these considerations, any question as to whether there was a general appearance in the court below by the plaintiff in error, is determined by the record, which shows conclusively that the damages were assessed by the court, and judgment therefor entered on the ground that there had been no appearance by the defendant below. This was clearly considered and adjudged by the court below.

If there had been a general appearance, then it would have been irregular to proceed to assess damages and enter judg-

ment before first entering a rule to plead, and showing non-compliance therewith. If this had been the case, then judgment *nil dicet*, instead of for non-appearance, would have been the proper proceeding. The record, therefore, discloses the fact that there was no general appearance of the plaintiff in error in the court below, and no waiver by him of any irregularities in the proceedings of that court.

In case the defendant does not appear, it is always incumbent on the court before proceeding in the cause to see that the preliminary proceedings have been so far regular and sufficient, as to confer not only jurisdiction of the subject matter of the suit, but also of the person of the defendant.

In an attachment case this is to be determined by the affidavit and bond for an attachment, the writ with the officer's doings thereunder, as shown by his return, the declaration and service of a copy thereof, and the authority of the officer issuing the writ. In the present case the affidavit was taken and filed with the probate clerk. The bonds were approved by and filed with him, and even the declaration in the first instance was so filed. The writ was issued by him, and authenticated by the seal of the probate court, and not by the seal of the court below.

The statute under which the preliminary proceedings of this case were instituted before and by the probate clerk is as follows, to wit:

" Any person wishing to sue his debtor by attachment, when the debt or sum claimed exceeds the sum of one hundred dollars, may do so by first filing with the clerk of the district court of the county in which the debtor lives, or before the clerk of the probate court of the county in which the suit is brought, an affidavit and bond, as now required to be done before the clerk of the district court, which shall authorize the clerk before whom said affidavit and bond shall be filed to issue writs of attachment the same as clerks of the district courts ; which attachment, together with the affidavit

and bond, when issued by the clerks of the probate court, shall be by them made returnable to the next term of the district court for the proper county, and shall be by them returned to said district court on or before the first day of said term :" Gen. Laws N. M., Prince's ed., 140.

The provisions of this statute conferring authority on probate clerks to entertain applications for and to issue writs of attachment returnable to the district courts, in order to be effective, must be considered as repealing, by the remotest implication, so many positive requirements of the law previously existing, especially in the face of the organic act and legislation of congress providing for the appointment of clerks for the district courts of the territories, as to render the authority so conferred on probate clerks exceedingly doubtful and impracticable. For instance, it must be conceded that process of every description cognizable by the district court must be authenticated. "The district court of each county * * * shall have a seal, which shall be kept by the clerk thereof, and with it he shall authenticate all documents emanating from his office needing authentication :" Gen. Laws N. M., sec. 3, p. 116.

By this law the clerk of the district court is made the custodian of its seal, and all process which he is authorized to issue must be authenticated by him with such seal. Without such seal the court will not recognize it as authentic.

The probate clerks are to issue writs of attachment, the same as the district court clerks, with no express provisions in the statute as to how the probate clerks are to authenticate the writs.

The statute provides that the district court clerk issuing a writ of attachment shall approve the bond in attachment, both as to the amount of the penalty and sufficiency of the surety; but there is no express provision for such approval by the probate clerk. Before the clerk of the district court is authorized to issue a writ of attachment, a declaration, as

well as affidavit, must be filed in his office: Gen. Laws N. M., Prince ed., sec. 2, p. 136 ; but there is no express provision for filing a declaration with the probate clerk. The policy of congress in conferring on the territorial district courts the authority to appoint their own clerks was no doubt to grant to them the exclusive right to determine who shall perform the duties of that office, and to insure to such courts a wholesome supervision over them.

In view of the legislation of congress on the subject, it may well be doubted whether the territorial legislature has the power to arbitrarily create and impose on the courts any other office the duties of which shall be to supersede any of those of their own clerks.

It is not necessary for the final disposition of the case to decide this question.

The record shows that there was nothing before the court below showing that the writ had ever been served on the plaintiff in error, or that the declaration, or any statement of notice of the cause of action was ever served on him. The court below, therefore, at the time the judgment was rendered, had acquired no jurisdiction of the person of the plaintiff in error, and had no authority to render a judgment *in personam* against him.

Under the rules of practice prescribed for the district courts in case of personal service of process, a copy of the declaration must be served before the court can treat the defendant as in default. This was not done.

The service of a writ of attachment is never complete without also serving the petition or other statement of the cause of action : *Ibid.*, subd. 1 of sec. 9, p. 137.

The writ, by its term, was made returnable on a day and to a term of court then past. It was, therefore, returnable on an impossible day and to an impossible term. This rendered the writ void upon its face and all proceedings thereunder void also, and excused the plaintiff in error from pay-

ing any attention to it, even if it had been served: 3 N. H., 70; 2 Johns., 190; 4 *Ibid.*, 309; 3 Wilson, 341; 3 Mo., 286.

The writ being void and the plaintiff in error not appearing in the court below, except for the special purpose of moving to quash for irregularity, the attachment should be dissolved; the plaintiff in error and his sureties on said forthcoming bond discharged from liability thereon; the judgment reversed, and the case remanded to the court below for issuance and service of proper process and such other and further proceedings as may be in conformity to law, and it is so ordered.

PRINCE, Chief Justice, dissenting: While concurring in much contained in the opinion of the majority of the court in this case, I feel constrained to put on record my dissent from the statement therein appearing that " the writ, by its terms, was made returnable on a day and to a term of court then past. It was, therefore, returnable on an impossible day and to an impossible term." There is no question of the fact that there was a clerical error—a *lapsus calami* in the writ. The question is whether this was sufficiently serious and of a character so liable to cause mistake or deception as to be fatal.

The plaintiff made his affidavit for attachment before Jesus Ma. Tafoya, probate clerk of San Miguel county, on the twenty-first day of September, 1880, as the verification shows. It is also marked filed on that day. Said clerk forthwith issued the writ of attachment which is dated on said 21st of September, 1880. On the next day the goods of the defendant were attached, the defendant Holzman, with two sureties, gave his bond, commonly called a forthcoming bond, which bears date Sept. 22, 1880, and binds the obligors to have the attached property forthcoming when and where the court shall direct, etc.

On receiving his goods, on the filing of this bond, the

defendant Holzman, also gave a receipt therefor, which is dated on the same 22d of September, 1880. The writ, to the validity of which objection is made, is written in Spanish, and the return day is stated as follows : " Ante la corte del distrito en y por el condodo de San Miguel, en el proximo termino de Marzo de 1880," or as translated in the transcript " before the district court in and for the county of San Miguel, at the next March term, 1880." In my opinion, the words " next March term," made the time sufficiently plain and distinct for any one of ordinary understanding to comprehend it. The writ being dated in September, 1880, and the goods attached retaken and bond given, all in the same month, there could be no possible mistake as to what term is meant by the " next March term." The addition of " 1880 " instead of " 1881," is evidently a clerical error, not unnatural or unusual in using the date which the copyist was constantly writing during that year. No one could be deceived by it, taking the whole substance together. The word which controls and fixes the meaning definitely and beyond mistake is "next." It was attempted to be shown on the argument, that " next " meant " nearest," and therefore March, 1880, was as likely to be " next " to the date in September, 1880, as March, 1881. But this is too far-fetched and strained a construction to require much argument or illustration to show its fallacy. When we say " next year," although we may be speaking in February, we do not mean the year past, but the year to come. If even on a Monday, we speak of " next Sunday," we mean the ensuing Sunday, and not the one just past; although the latter is much the nearer in point of time. No one could possibly mistake the meaning in such cases. And so when in September, 1880, a writ names the " next March term," it can have no other signification than the March term ensuing, viz. : that of 1881. A large number of authorities were quoted by the appellant in the endeavor to show that " the writ was void, because returnable on an im-

possible day," but on examination it will be found that not one of them affects the case in question.

There is no doubt that when a writ is returnable on an impossible day, or a day when there is no term, it is void. This is what was held in *Holliday v. Cooper*, 3 Mo., 285, the writ being returnable on the first Monday of July, 1883, when there was no term till the fourth Monday. The same is the point in *Mills v. Bond,* as long ago as the sixth year of George I, when the process was returnable out of a term time: 1 Strange, 399.

The point decided in *Dame v. Fales*, was that oral evidence was not admissible to vary the written date of a writ: 3 N. H., 70.

Other of the cases cited, are simply to the effect that when a writ is returnable to a term not immediately succeeding its issuance and date, it is void. This is the point decided in the following of the authorities cited in the brief, viz. : *Bunn v. Thomas & King*, 2 Johnson, 190; *Burk v. Barnard*, 4 Johns., 309; *Parsons v. Loyd*, 3 Wilson, 341.

The same has also been frequently held in Illinois and other states. See, *Calhoun v. Webster*, 2 S. C., 221; *Hildreth v. Hough*, 20 Ill., 331; *Elee v. Wait*, 28 Ill., 70; *Miller v. Handy*, 40 Ill., 448; *Hochlander v. Hochlander*, 73 Ill., 618.

These include all of the cited cases that I have been enabled to examine. There is no authority quoted which even tends to show that a term described as is that in the writ in this case, is an " impossible term," and none which on the real point in question, which is, that the word " next " in the writ, fixes the term beyond ambiguity. Were that word not in the writ no doubt it would be fatally faulty, and void under the decisions, but the language being as it is, I hold that it was good, and gave the defendant the legal notice required of the return day. That it gave him actual notice, is evident from the fact that he appeared at the proper time by his counsel.