ROBERT HOLLOWAY and HENRY M. BOGGES, Appellants, *v.* ALFRED FREEMAN, Appellee.

### APPEAL FROM PEORIA COUNTY COURT.

It will be presumed that a cross-motion made to have a previous motion stricken from the files, and referring to rules, was sustained under the rules referred to.

County Courts can establish rules of practice.

Motions to dismiss, which assume the office of a plea in abatement, should be grounded on objections, appearing on the face of the papers. If extrinsic matters are to be shown, these must be done by plea in abatement.

Pleas in abatement should be filed in "apt time," the earliest practicable moment; if after a motion seeking the same object, the right to plead may be considered as waived.

Pleas in abatement must be signed by counsel, and truly specify the parties in the cause. If such pleas show that they and jurats attached to them, have been altered, these alterations, if assigned, may be held among other reasons as justifying the court below in ruling them out.

A defendant, after he has introduced paper testimony, cannot contradict it by oral proof, when there is no allegation of fraud in the pleadings.

THIS was an action of assumpsit on a promissory note, brought in the County Court of Peoria county, by Freeman, against Holloway & Bogges.

The summons was issued June 17, 1858, and was directed to the sheriff of *Warren* county, by whom it was served on the 23rd June, 1858, returnable on the first Monday in July. The declaration is in the usual form, and contains a copy of the note, which is as follows:

"$401.                                    *Peoria, April 24th,* 1857.

One year after date, we promise to pay to the order of Alfred Freeman, four hundred and one dollars, for value received, bearing interest at six per cent. from date.

HOLLOWAY & BOGGES."

At the July term the defendants filed the following motion to dismiss:

And now come the defendants and move the court to dismiss this suit for the following reasons, to wit:

1. The cause of action did not arise in Peoria county, Illinois, nor was the same made specifically payable in or at Peoria county, Illinois.

2. The defendants did not, at the time of the commencement of this suit, nor at any time since the commencement of this suit, nor either of them, reside in the county of Peoria, Illinois, nor were either of them found or served in said Peoria county, Illinois, with process in said cause.

3. The said defendants and each of them reside in the county of Warren and State of Illinois, and did reside in said county of Warren at the time of the commencement/ of this suit, and still do each and all of them reside in said county of Warren, and both defendants were served with process in the cause, in Warren county, Illinois, and not in the county of Peoria; nor were either of them served at or in the county of Peoria, Illinois.

M. Williamson, being duly sworn, deposes and says that the matters and things set forth and averred in the foregoing motion are true in substance and in fact.

M. WILLIAMSON.

Sworn to and subscribed before me, this 6th day of July, A. D. 1858.

CHAS. KETTELLE, *Clerk,*
By GEORGE KETTELLE, *Deputy.*

The plaintiff moved to strike this motion from the files, for the following reasons:

1. The motion has not been filed two days, according to rule 4 of this court.

2. Said motion has not been entered on the motion docket, according to rule 7 of this court.

3. Because the matters therein can only be made available by plea in abatement.

The motion to strike from the files was sustained by the court, and the defendant excepted.

The defendant next filed the following plea in abatement:

And the said Robert H. Holloway and Henry M. Bogges, defendants in this suit, come and defend, etc., when, etc., and pray judgment of the writ and declaration aforesaid, because they say that at the time of the commencement of this said suit, and at all times since the commencement of this suit, the said defendants and each of them were and still are residents and citizens of Warren county, Illinois, and were not and neither of them residents of the county of Peoria, State of Illinois. And the said defendants aver that the process in this said cause was served on the said defendants and each of them, at and within the county of Warren, State of Illinois, and was not served on the defendants nor either of them in or at the county of Peoria, State aforesaid. And the defendants further aver that cause of action on which this suit is brought, and each and every part thereof, arose in the county of Warren, State of Illinois, and not in or at the county of Peoria, State aforesaid; and that the same was not, nor any part thereof, made specifically payable at or in the said county of Peoria and State aforesaid. All of which the said defendants are ready to verify; whereupon the said defendants pray judgment, and that the said writ and declaration be quashed, and also for his costs.

ROBERT HOLLOWAY,<br>H. M. BOGGES.

ALFRED FREEMAN, *vs.* ROBERT H. HOLLOWAY and HENRY M. BOGGES. } COUNTY COURT IN AND FOR THE COUNTY OF PEORIA, STATE OF ILLINOIS. *July Term, A. D.* 1858.

Robert Holloway and Henry M. Bogges, the defendants, being duly sworn, depose and say that the above plea by them pleaded is true in substance and in matters of fact.

Sworn to and subscribed before me this 6th day of July, 1858.

WM. F. SMITH,<br>*Notary Public for the City of Monmouth, Ill.*

The plaintiff then moved to strike the plea in abatement from the files for the following reasons:

1. Said plea does not purport to be filed, nor is the same signed by the defendant in this suit.

2. Said plea is not duly sworn to.

3. It is not filed in apt time.

4. Said plea and the jurat attached thereto appears to have been altered and filled up since the same was made and sworn to.

The plea in abatement was then stricken from the files by the court, and the defendants excepted.

The defendants then filed the general issue and several special pleas, setting forth that the note sued on was given in part payment for the sale of several tracts of land, in Warren and Henderson counties, and that plaintiff made false and fraudulent representations in relation to the title of the land, and its occupancy, knowing such representations to be false and untrue.

And it was agreed that all matters of proof which would be legal evidence under any special plea, well pleaded, might be given in evidence under the general issue.

The cause was tried at the February term, A. D. 1859. The plaintiff offered in evidence the note sued on, for $401, dated April 24, 1857, payable to plaintiff, and rested his case.

The defendants, after other witnesses had been sworn on their behalf, then called *John Mileham*, who testified that he was the agent of plaintiff to sell land in 1856–7, and sold lands to Holloway & Bogges, as such agent, viz.: S. W. 20, 9 N. 1 W., in Warren county; S. W. 32, 10 N. 3 W., same county; N. E. 8, 8 N. 4. W., and a quarter in Sec. 34, 13 N. 2 W., in Mercer county. He executed bonds to defendants for the lands. The bonds were then handed to witness and identified by him.

The defendants' counsel then asked the witness to state if the note sued on was one of the notes executed by defendants on the purchase of said lands?

The plaintiff objected to the question being answered by the witness, and the court sustained the objection and refused to let the witness answer the question, and defendants excepted.

The defendants then asked the following question: What representations did you, as the agent of plaintiff at said sale, make to the defendants, relative to the lands or the title thereto, so sold by you to them?

To the answering of this question the plaintiff objected, and the court sustained the objection, and defendants excepted.

This was all the evidence in the case.

The jury found a verdict for the plaintiff, and assessed his damages at $444.10.

The defendants then filed their motion for a new trial, for the following reasons:

1. The verdict is contrary to law.

2. It is contrary to evidence.

3. The court refused proper evidence offered on the part of the defendants to go to the jury.

Holloway et al. *v.* Freeman.

The court overruled the motion and rendered judgment upon the verdict, and the defendants excepted. The defendants then prayed an appeal to the Supreme Court.

H. M. WEAD, for Appellants.

J. K. COOPER, for Appellee.

BREESE, J. The motion to dismiss, was not based upon any defects or objectionable matter appearing upon the face of the papers, and was consequently, not regular or proper. The cross-motion to strike it from the files expressly refers to rules four and seven of the court, and makes therefore, those rules a part of the motion. What those rules are, we have no means of knowing, as they are not copied into the record. We will presume however, that the court below, under those rules, had sufficient reason for entertaining the cross-motion and striking the motion to dismiss from the files.

That the County Court can establish rules of practice and proceedings to facilitate the business of the court, is undoubted, as they have powers concurrent with those of the Circuit Court, (Scates' Comp. 1226,) and that Circuit Courts have such power is unquestioned. Without this concurrence, the County Court, we apprehend, being a court of record and of large jurisdiction, would possess an inherent power to establish rules of practice. Every court of record possesses such power.

This court has said in general terms, that questions of the kind here presented, may be raised by plea in abatement or motion to dismiss, but that must be taken with this qualification; where it appears on the face of the papers, that the writ has improvidently issued, a motion to dismiss will be entertained, when it does not so appear but extrinsic matters have to be shown, that must be done by plea in abatement, so that an issue of fact may be made up and tried upon such matter. To this right the plaintiff is entitled, but from which he would be precluded, if the subject can be summarily disposed of on motion. When the defects appear on the papers, the court can determine them on inspection, and no issue is necessary—hence, the motion to dismiss in such cases will be proper. The cases of *Kenney* v. *Greer*, 13 Ill. R. 432; and *Waterman* v. *Tuttle*, 18 ib. 292, do not conflict with this view.

As to pleas in abatement, it is to be observed that great strictness is required in framing them, as they are dilatory, not going to the merits of the action. They must be signed by counsel—they must specify truly the parties in the cause. 1 Tidd's Pr. 639, 640.

In this case the action is against Robert H. Holloway and Henry M. Bogges. This plea is signed Robert Holloway and H. M. Bogges, *non constat*, that they are Robert H. Holloway and Henry M. Bogges. Nor is the plea signed by counsel.

Another objection to the plea was taken, and is given as one of the reasons why the court should strike it from the files; it is, that the plea and the jurat attached to it, showed alterations and a filling up after it was sworn to. This is stated in the motion, but as this cannot be seen by this court, we are bound to presume that those reasons existed and were the basis of the action of the court below. We have a right to suppose this, as the court ruled out the plea on that, among other reasons filed.

We do not think either, that this plea in abatement was filed " in apt time." In *Kenney* v. *Greer*, 13 Ill. R. 449, this court say, The statute gives the defendant a privilege which he can waive, and he must be regarded as having done so unless he makes his objection to the writ in apt time. Now this " apt time " clearly was, at the earliest practicable moment. The plea being dilatory, this is the rule. The defendants did not do this, but interposing an insufficient motion, they waived their right to plead in abatement.

As to the other point made by appellants, it is sufficient to say, that the oral testimony sought by the defendants from the witness, was in contradiction to the written evidence they themselves had introduced. The note sued on was for $401, payable in one year from the 24th April, 1857. The defendants introduced the witness Mileham, and proved by him two bonds for deeds executed by one F. C. Hankinson and Alfred Freeman, dated April 24, 1857, for the conveyance of certain lands by them to the defendants, one of which bonds specified the consideration to be two hundred dollars, for which three notes were executed, one for sixty-seven dollars, payable May 15th, 1857—one for sixty-eight dollars, payable in one year from date, and one for sixty-five dollars, payable in two years from date. The other bond specifies a consideration of four hundred dollars, payable by three notes, two for one hundred and thirty-three dollars, and one for one hundred and thirty-four dollars. The witness was then asked if the note sued on was the note or one of the notes given for the purchase of the land. The objection was thereupon made, and sustained, that at the then stage of the defendants' own proof such evidence was not admissible. The notes and bonds introduced proved themselves, and there was no fraud or circumvention pleaded in obtaining the execution of the notes sued on, or any mistake in the description of the notes described in the title bonds pretended. The defendants after

having introduced evidence of this kind, showing that the notes given on the purchase of the land were drawn in favor of two persons and for different amounts and payable at a time different from the note sued on, the question they put to the witness was not pertinent to the case—it was irrelevant. They could not be admitted to disprove by parol all the written testimony they had themselves introduced.

We discover no objection to any of the rulings of the court, and therefore, affirm the judgment.

*Judgment affirmed.*