## NATHAN HARDY *et al.*

*v.*

## BENJAMIN F. ADAMS *et al.*

1.    JURISDICTION—*sending process to foreign county—question of jurisdiction—must be raised by plea in abatement.* The rule must be considered as firmly established, that a defendant seeking to raise the question of jurisdiction, where the summons has been sent to a foreign county, must do so by plea in abatement.

2.    It cannot be done by demurrer, or by a writ of error, after default.

3.    FORMER DECISIONS. The cases of *Kenney* v. *Greer,* 13 Ill. 449 ; *Gillilan* v. *Gray,* 14 ib. 416 ; *Waterman* v. *Tuttle,* 18 ib. 292, and *Hamilton* v. *Dewey,* 22 ib. 490, cited and approved.

WRIT OF ERROR to the Superior Court of Chicago.

Mr. O. C. GRAY and Mr. JOHN C. CHAMPLIN, for the plaintiffs in error.

Messrs. WAITE & CLARKE, for the defendants in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of debt, on an injunction bond, commenced in the Superior Court of Chicago. The summons was sent to LaSalle county, and there served. Judgment was rendered by default. There was no averment in the declaration that the contract was made in Cook county. We are now asked to reverse the judgment on the ground that the court in Cook county acquired no jurisdiction for want of averments in the declaration showing the case to be one in which it could send its process to a foreign county.

As our statute was construed prior to the case of *Kenney* v. *Greer,* 13 Ill. 449, this declaration would have been bad, either on demurrer or writ of error. But that case, although

turning upon a record which came before the court collaterally, settled principles which govern all cases under this statute, and substantially overruled the former decisions of the court. The authority of that case has been followed in *Gillilan* v. *Gray*, 14 Ill. 416; *Waterman* v. *Tuttle*, 18 ib. 292, and *Hamilton* v. *Dewey*, 22 ib. 490. These were cases substantially like the one at bar, in which the record came before the court directly, and not collaterally. We must now consider the rule firmly established, that the defendant who seeks to raise the question of jurisdiction, where a summons has been sent to a foreign county, must do so by plea in abatement. It can not be done by demurrer, or by a writ of error, after default.

It is also said, that two of the breaches on the bond are not well assigned. If this be so it is immaterial, as the other breaches are conceded to be good, and they will sustain the judgment.

*Judgment affirmed.*