· Peter McNab

*v.*

Rebecca Bennett,

and

Same *v.* Same.

| 66 | 157 |
|-----|------|
| 120 | 191 |
| 66 | 157 |
| 158 | 494 |
| 66 | 157 |
| 55a | 317 |
| 66 | 157 |
| 165 | 504 |
| 66 | 157 |
| 215 | ³155 |
| 215 | ³156 |

1. Practice—*when motion to dismiss is proper.* Motions to dismiss, which assume the office of a plea in abatement, will not be entertained unless the objection appears upon the face of the papers. If other objections

*See *Chicago, Burlington and Quincy Railroad Co.* v. *Dickson,* 67 Ill. 122 and cases there cited.

are to be considered, they must be presented by plea in abatement, so that an issue of fact can be made and tried.

2. ABATEMENT—*where defendant is sued out of his county.* Where the plaintiff fraudulently caused the issue of a warrant upon a false complaint, charging the defendant with a crime, and had him arrested and forcibly taken from the county of his residence to another county, for the purpose of having civil process there served upon him : *Held,* that a plea in abatement could have been properly framed in such a case, but that the suit could not be dismissed, on motion, for such cause, the objection not appearing on the face of the papers.

3. SERVICE—*when a defendant may be served in county where found.* If a defendant voluntarily leaves his residence, and goes to another county, or if seized, when properly chargeable with crime, and taken to another county, he may be said to be found there, within the sense of the words used in the statute making it unlawful to sue a defendant out of the county where he resides or may be found; but it would be a perversion of the object of the law to permit an arrest upon false and fraudulent pretences, and the abduction of the defendant, for the sole purpose of obtaining service upon him in a civil proceeding.

4. SERVICE OF PROCESS—*an arrest on a capias without reading is not, where the defendant is discharged.* Where the defendant in a civil suit was arrested illegally out of his county upon a *capias ad respondendum,* from which arrest he was discharged on *habeas corpus* without giving bail for his appearance, and the sheriff's return upon the process was, " I have executed the within writ by arresting the defendant, who is now in jail :" *Held,* that the defendant was not brought into court by the sheriff's indorsement on the writ. Service, under our law, means to read the writ to the party.

5. If the defendant had been kept in jail until court, then he could and would have been before the court.

6. APPEARANCE—*when not to the merits.* Where a defendant appeared only to question the jurisdiction of the court, and, when that was decided against him, took no further step in the cause, either in person or by attorney : *Held,* that this was not such an appearance as authorized his default to be taken, or obviated the necessity of service of process upon him.

APPEAL from the Circuit Court of Livingston county ; the Hon. CHARLES H. WOOD, Judge, presiding.

Mr. CHARLES J. BEATTIE, for the appellant.

Mr. L. E. PAYSON, for the appellee.

Mr. Justice Thornton delivered the opinion of the Court:

These cases present the same questions, and have been argued together.

While the process of the criminal law may have been grossly abused, and the rights of appellant greatly outraged, we can give no relief for the former upon this record. For the one, he has ample remedy, in the recovery of damages, by an appropriate action; and for the other, he may still be allowed to make his defense in the mode permitted by the law.

The motions to dismiss the suits for want of jurisdiction were not supported by any affidavit, and no defects were pointed out, and none are apparent upon the face of the papers. Even if the question could have been raised by motion, the court did not err in striking the paper from the files, because it was not informed, in any proper manner, as to the truth of the extrinsic matters alleged in the written motion.

Motions to dismiss, which assume the office of a plea in abatement, will not be entertained unless the objection appears upon the face of the papers. If other objections have to be considered, they must be presented by plea in abatement, so that an issue of fact can be made and tried. Otherwise, questions, upon the determination of which important rights might depend, would be disposed of in the most summary manner. *Holloway* v. *Freeman*, 22 Ill. 197.

But it is said that the defendant could not have pleaded in abatement, for the reason that he was found and served with process in the county where the court was held.

A plea in abatement, which would not have been subject to demurrer, could have been framed. The facts alleged are, that the plaintiff fraudulently caused complaint to be made, charging the defendant with a crime, and fraudulently caused the issue of a warrant, and his arrest, without any ground, for the purpose of forcibly taking him from the county of his

residence to another county, and there having the civil process served upon him.

Was the defendant "found" in the county where service was had, within the meaning of the statute? It provides as follows: "It shall not be lawful for any plaintiff to sue a defendant out of the county where the latter resides or may be found," etc. If a man voluntarily leaves his residence, and goes to another county, or if seized, when properly chargeable with crime, and taken to another county, he might be said to be found there, within the sense of the word as used in the statute; but it would be a base and utter perversion of the object of the law to permit an arrest upon false and fraudulent pretense, and the abduction of a man, for the sole purpose of obtaining service in a civil proceeding. If this were allowed, the statute would be no protection against the machinations of bad men, who are willing to prostitute their oaths for selfish purposes, and use criminal process for private ends. Under the facts, the defendant was not found in the county; he was entrapped there.

The other error assigned is the refusal of the court to set aside the default. In support of the motion to vacate the judgment, affidavits were presented, which, if true, exhibit a most infamous scheme, conceived and carried out in total disregard of truth and right and the law. A false charge was made of felony, and the party arrested and carried from his home, for the sole purpose of obtaining service in these suits. After investigation, the justice of the peace discharged the prisoner, and found that the charge was malicious. During the examination, the sheriff arrested him, by virtue of a *capias ad respondendum*, issued at the instance of plaintiff below, and confined him in jail. Upon the hearing of a writ of *habeas corpus*, he was released from custody by the circuit judge. The infamy of this proceeding on the part of the party who initiated it, the outrage of the rights of the citizen, the wrong to good morals, the wilful violation of law, are scarcely paralleled in the annals of jurisprudence.

Yet if the party could have made his defense before the default, he is estopped afterwards. Could he, then, have pleaded in abatement before the default was entered? Was he in court, so as to authorize the judgment?

The affidavit of appellant is positive that he did not know of the pendency of the suits until after default, when he immediately left his home, in an adjoining county, for the place where the court was held, and on the next day made the motion. The return upon the *capias* was, "I have executed the within writ by arresting the defendant, who is now in jail." He was only in court by virtue of this return, for the motion previously made was special, and only to question the jurisdiction of the court, and this had been dismissed. He had been discharged from custody, and was not in court, in person or by attorney.

The defendant was, then, not in court by virtue of the indorsement of the writ, and the default should not have been taken. The practice act requires "the sheriff or coroner to *serve* all process of summons or *capias*, when it shall be practicable, ten days before the return day thereof." Rev. Stat. 1845, 413, sec. 3.

The arrest and imprisonment did not constitute the service contemplated by the statute. If the defendant had been kept in jail, then he could and would have been before the court when it met, and his body could have been taken in execution after judgment; but he had been released long prior to the term of the court, and no bail bond had been taken or required. Service, under our law, means to read the writ to the party. Properly, it is an execution of the writ without an arrest. There may be an arrest without service, and service without an arrest. The arrest in this case did not necessarily include service—did not inform the defendant of the nature of the suit, the parties, or the term at which he must appear. In the absence of any return by the officer that the writ was read, the court could neither know nor presume that the

11—66th Ill.

defendant had any knowledge of its contents, or that he had ever seen or heard of it.

We are of opinion that the defaults should have been set aside, and the defendant allowed to plead in both cases,

The judgments are reversed and the causes remanded.

*Judgments reversed.*