### KATE H. A. WALLACE *et al.*

*v.*

### HIRAM COX.

1. JURISDICTION—*presumption in favor of, in superior courts.* Nothing will be intended to be out of the jurisdiction of a superior court. Such courts will be presumed to be acting within the limits of their jurisdiction until the contrary is made to appear.

2. If it is possible for the court to have jurisdiction, it will be presumed the state of facts existed which authorized it to render the judgment it does render.

3. SERVICE IN FOREIGN COUNTY—*in what manner questioned.* Where a defendant seeks to raise the question of jurisdiction, in a case where the summons has been served in a foreign county, he must do so by plea in abatement. He can not avail of it by demurrer, or by writ of error after default.

WRIT OF ERROR to the Circuit Court of Coles county; the Hon. JAMES STEELE, Judge, presiding.

Messrs. STEELE & HUGHES, for the plaintiffs in error.

Messrs. RUTHERFORD & CLARK, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The only cause assigned for the reversal of the judgment in this case is, that the circuit court of Coles county did not have jurisdiction of the persons of defendants. The summons served upon them was directed to the sheriff of Adams county, and the only service was had in that county. Neither of defendants was served with process in Coles county, where the action was commenced. No plea having been filed, the judgment was rendered by default.

It is urged, the error appears affirmatively on the face of the record, and thus overcomes any presumption that exists in favor of courts of general jurisdiction.

It is provided by the 2d section of the Practice Act of 1872, "it shall not be lawful for any plaintiff to sue any defendant out of the county where the latter resides or may be found, except in local actions; and in every species of personal actions in law, where there is more than one defendant, the plaintiff, commencing his action where either of them resides, may have a writ or writs directed to any county or counties where the other defendants, or either of them, may be found."

This statute differs materially from the one on the same subject that had been in force so long, and had been so frequently construed by the decisions of this court. It limits the instances in which a party may be sued in another county from the one in which he resides or may be found; but it is apprehended the same construction will prevail, so far as the question involved in this case is concerned.

Under the previous statute, it has been uniformly held, since the decision in *Kenney* v. *Greer*, 13 Ill. 432, that, unless a defendant, when sued in a foreign county, insist upon the privilege which the statute gives him, by plea to the jurisdiction of the court, it will be presumed either that he has waived his right, or that facts exist which authorize a suit against him in a different county from the one in which he

resides. The principle is, nothing will be intended to be out of the jurisdiction of a superior court. Such courts will be presumed to be acting within the limits of their jurisdiction until the contrary is made to appear.

In *Hardy* v. *Adams*, 48 Ill. 532, it was declared to be the settled law that, where a defendant seeks to raise the question of jurisdiction in a case where the summons has been served in a foreign county, he must do so by plea in abatement, and that he can not avail of it by demurrer, or by writ of error after default.

A plea to the jurisdiction of the court in this case, that did not aver defendants were not residents of Coles county, would be fatally defective. For aught that appears, they may have been residents of the county where the suit was brought, and amenable to the jurisdiction of the court. If it is possible for the court to have jurisdiction, it will be presumed the state of facts existed which authorized it to assume to render judgment. It does not appear but the court may have had jurisdiction, and its judgment must be affirmed.

*Judgment affirmed.*