SIMEON STARK

*v.*

MOSES RATCLIFF.

*Filed at Springfield September 27, 1884.*

1. PLEADING AND EVIDENCE—*variance in description of land.* In an action upon the covenants of warranty in a deed for land, the declaration described the land as "twelve hundred and eighty acres of land in Wichita, on the waters of Gilbert creek, and described as follows: beginning at a stake in the south-west corner of survey No. 1, made for the B. B. B. & C. R. R. Co., and 950 vers east from the north-west corner of a survey made in the name of L. Wells," etc., giving the metes and bounds. The deed gave the same description, except after the words "Gilbert creek," are the following additional words: "Patented to W. W. Purinton on the 7th day of November, 1873—Patent No. 404, volume No. 8:" *Held*, that these words afforded no ground for excluding the deed as for a variance.

2. PLEADING—*particularity of description required.* It is not required by the rules of good pleading that the pleader shall, in every case, when describing an instrument or object, specify all the means by which it may be properly identified. In such case it will suffice if the marks or means

of identification specified distinguish such instrument or object with reasonable certainty.

3. Same—*covenant for breach of warranty—description of the land.* In an action for the breach of the covenants in a warranty deed, it is a matter of no consequence whether the land to which the covenants relate is as fully described as it might be, or even as in the defendant's deed, provided the declaration shows, with reasonable certainty, it is the same land to which the covenants relate.

4. Jurisdiction—*when defendant must plead—waiver.* If a local action is brought against one in the wrong county, and the court in which the action is brought has a general jurisdiction in that class of cases, the defendant must plead to the jurisdiction, or otherwise take advantage of the irregularity in the court in which the action is brought, and failing to do so he can not question collaterally the validity of the judgment which may be rendered in that suit.

5. The constitution of Texas expressly gives the District Court of that State jurisdiction in all suits for the trial of title to land, but there is a statute of that State requiring suits for the recovery of land to be brought in the county where the land lies. An action of ejectment for land in such State was brought in the District Court, but not in the county where the land was situate, and no objection being made to the jurisdiction, that court rendered judgment for the plaintiff: *Held*, that as that court had a general jurisdiction over the subject matter, its judgment could not be treated as void in a collateral action in this State, and that such judgment was admissible in evidence to show an eviction of the defendant in ejectment.

6. Foreign judgment—*validity tested by laws of State where it is rendered.* In determining the validity, force and effect of a judgment of a sister State, our courts must look to the laws of such other State, and be governed by the construction its courts have given the laws of such State.

Appeal from the Circuit Court of Edgar county; the Hon. J. W. Wilkin, Judge, presiding.

Mr. James A. Eads, and Messrs. Sellar & Dole, for the appellant:

In Texas the action of ejectment or trespass to try title is local. (Rev. Stat. of Texas, p. 193, art. 1198, par. 13.) The action is also local at common law. 1 Chitty's Pleading, 268; 1 Tidd's Practice, 427, 428.

The circuit court of one county can not try title to land in another county. *Railroad Co.* v. *Huff*, 19 Ind. 444.

The record must show the suit was commenced in the county where the land is situated. *Minkhart* v. *Hanklin,* 19 Ill. 47.

The record shows that this suit was originally commenced in Cooke county, and that this was not the proper county for jurisdiction of a suit concerning land in Wichita county. The record of a judgment is only *prima facie* evidence of jurisdiction, and that presumption may be rebutted either by evidence within or outside of the record. 2 Am. Leading Cases, 796–809; 4 Wait's Actions and Defences, 189–193; *Kerr* v. *Kerr,* 41 N. Y. 272.

If the record shows want of jurisdiction of the subject matter, that is conclusive. *Clark* v. *Thompson,* 47 Ill. 27; *Baker* v. *Champlin,* 12 Iowa, 204; 4 Wait's Actions and Defences, 195, 196.

Consent may confer jurisdiction of the person, but can not confer jurisdiction of the subject matter, nor can the parties waive the objection of want of jurisdiction of the subject matter. Freeman on Judgments, secs. 116–120; *Lehigh* v. *Mason,* 1 Scam. 249; *Kimball* v. *Walker,* 30 Ill. 497; *Bond* v. *Thompson,* 39 id. 567; 7 Wait's Actions and Defences, 192, 193; *Beach* v. *Nixon,* 9 N. Y. 37.

Even a judgment by confession is void if the court had no jurisdiction of the subject matter. Freeman on Judgments, sec. 547.

A void judgment is a nullity. Neither the parties nor third persons are affected by it. No right flows from it, and it may be questioned in any court at any time. *Campbell* v. *McCown,* 41 Ill. 49; *People* v. *Sturtevant,* 9 N. Y. 266; Freeman on Judgments, secs. 116–120.

When the objection is on account of a want of jurisdiction of the subject matter, it can be raised at any time. 1 Wait's Actions and Defences, 51; 6 id. 394; 7 id. 181–183; *Conger* v. *Railroad Co.* 17 Wis. 477; *Webb* v. *Goddard,* 46 Maine, 505; Gould's Pleading, chap. 5, secs. 22–25.

Mr. W. S. EVERHART, and Messrs. GOLDEN & WILKIN, for the appellee:

This is not a suit upon the record of a foreign judgment, but the transcript is introduced as evidence to show an eviction, and the only question is, whether the District Court had jurisdiction. Article 5, section 8, of the constitution of Texas, provides: "The District Court shall have original jurisdiction  *   *   *   of all suits for trial of title to land."

In a collateral proceeding, likewise, it is immaterial how the Texas court acquired jurisdiction,—however erroneously,—so it had the power and authority to hear and determine the matter submitted to it.

A plea to the jurisdiction of the court in an action of trespass to try title, on the ground that the land lies without the limits of the county, comes too late after a plea to the merits. *Ryan* v. *Jackson*, 11 Texas, 391; *Morris* v. *Runnells*, 12 id. 177. See, also, *Stark et ux.* v. *Burr*, 56 id. 130.

It seems that in an action on a covenant of seizin, the burden of proof lies upon the defendant in the first instance to show paramount title in himself.    *Baker* v. *Hunt*, 40 Ill. 264.

There was no variance. The description given in the declaration was sufficient, and the other words in the deed may be rejected as surplusage. The description given is of land in a perfect square.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

On the 11th day of January, 1878, Simeon Stark, the appellant, for the expressed consideration of $5760, conveyed, by general warranty deed, to Moses Ratcliff, the appellee, twelve hundred acres of land in Wichita county, Texas. On the 15th of October, 1881, one E. A. Gerard brought an action in the District Court of Cooke county, Texas, against Ratcliff and others, for the recovery of this land. Under the provisions of the local law of Texas, Stark was notified, as warrantor of the title, to appear and defend, and upon satisfactory

proof of the service of such notice the court entered a formal order in the cause making him a party defendant to the suit. Stark, however, failed to appear, and such proceedings were had in the cause that Gerard recovered possession of the premises, and Ratcliff was evicted therefrom. The latter thereupon brought the present action against Stark to recover damages for an alleged breach of the covenants in his deed to Ratcliff. There was a trial of the cause upon the merits in the circuit court of Edgar county, resulting in a judgment for plaintiff for $5940, which was subsequently reduced by a *remittitur* to $5555.88, and the judgment, thus reduced, was affirmed by the Appellate Court for the Third District. By the present appeal we are asked to review the judgment of the Appellate Court.

It is claimed by appellant the circuit court made a number of erroneous rulings on the trial with respect to the admission of evidence, for which the Appellate Court should have reversed the judgment. Whether this claim is well founded or not presents the only question for determination.

The land in question is described in the declaration as follows: "Twelve hundred and eighty acres (1280) of land in Wichita, on the waters of Gilbert creek, and described as follows: beginning at a stake in the south-west corner of survey No. 1, made for the B. B. B. & C. R. R. Co., and 950 vers east from the north-west corner of a survey made in the name of L. Wells, thence west 2688 varas to a rock marked X, thence north 2688 varas to a rock marked —, thence east 2688 varas to a rock marked X, thence south to the beginning, in the county of Wichita, and State of Texas." Upon offering appellant's deed in evidence, it was objected the land described in the deed is not the same that is mentioned and set forth in the declaration,—or, in other words, that there is a variance between the allegations and proofs; but the court overruled the objection and admitted the deed in evidence, and this is assigned for error. Upon comparing the

two descriptions of the land it will be found the only ground for this objection is, that the description in the deed contains, immediately after the words "Gilbert creek," the additional words': "*Patented to W. W. Purinton on the 7th day of November, 1873—Patent No. 404, volume No. 8.*" These additional words clearly afforded no ground for excluding the deed. The question before the court was whether the deed offered in evidence tended to prove the issue. The declaration gives a good description of the land, and so far as it goes it is in exact accord with the description contained in the deed, and the evidence offered therefore clearly supported the declaration. The additional descriptive words in the deed are not inconsistent or incompatible with the description contained in the declaration, and we are aware of no principle which requires a pleading, in every case when describing an instrument or object, to specify all the means by which it might properly be identified. In such case the requirements of good pleading will be fully met if the marks or means of identification specified distinguish such instrument or object with reasonable certainty. That was done here. The *gist* of the action in this case is the breach of the covenants in the deed. Whether the land to which the covenants relate is as fully described in the declaration as it might have been, or even was in appellant's deed, is a matter of no consequence, provided the declaration shows, with reasonable certainty, it is the same land to which the covenants relate,—and, as just stated, we think it does this.

The point is also made that the court erred in admitting in evidence, over the objections of appellant, the record of the suit by Gerard, against Ratcliff, in the District Court of Texas, for the recovery of this land. This objection is also based in part upon an alleged variance between the description of the land in that proceeding and the one given of it in this. The supposed variance is of the same character of the one we have just been considering, and what we have said

with respect to that is equally applicable to this, so that further notice of this branch of the objection need not be taken.

The admission of the record, however, is resisted mainly on the ground the District Court had no jurisdiction of the subject matter of the suit, and hence it is claimed the whole proceeding is a nullity, and the record of it is consequently inadmissible as an instrument of evidence for the purpose offered. By an express provision of the constitution of Texas, the District Court is given original jurisdiction in all suits for the trial of title to land. (Art. 5, sec. 8.) The suit in question was one of that character, and it consequently follows the court did have a general jurisdiction over the subject matter of the suit, and the judgment rendered therein can not therefore be treated as absolutely void. It is true, while this general jurisdiction existed under the constitution, there was a statute requiring suits for the recovery of land to be brought in the county where the land lay; yet this was matter of defence, merely. We understand the rule to be, that if a local action is brought against one in the wrong county, and the court in which the action is brought has a general jurisdiction in that class of cases, the defendant must plead to the jurisdiction, or otherwise take advantage of the irregularity, in the court where the action is brought. He will not be permitted, after having remained silent and permitted judgment to go against him, to call in question its validity for the first time in a mere collateral proceeding, as is sought to be done here. The rule as here stated we understand to be fully recognized by the courts of Texas, to whose laws we must look in determining the validity of this judgment. *Ryan* v. *Jackson,* 11 Texas, 391; *Morris* v. *Runnells,* 12 id. 177; *Stark et ux.* v. *Burr et al.* 56 id. 130.

Perceiving no substantial error of law in the record, and the facts having been settled conclusively against the appellant, the judgment will be affirmed.

*Judgment affirmed.*