THE FIRST NATIONAL BANK OF EMPORIA *et al.* v. THE GENESEO TOWN COMPANY.

IRREGULAR JUDGMENT — *Defective Service* — *Collateral Attack.* If a civil action is brought to recover money upon a non-negotiable instrument or written order, in the district court, against two defendants, one of whom has signed and delivered such written instrument or order, and the other has indorsed the same in writing, and personal service is made upon the defendant who has indorsed the written instrument, in the county where the action is pending, and service of summons is then made upon the other defendant, the maker of the instrument, in another county, and the maker thereof so served does not, by motion, plea, or otherwise, take advantage of the irregular or defective service in the court in which the action is brought, and suffers judgment to go against both of the defendants, *held*, that although the so-called indorser is not a proper or necessary party defendant in the action, yet the defendant who is a nonresident of the county where the action is pending, and who has permitted the judgment to be rendered against him by default, cannot treat the judgment as void, nor can another district court of this state correct or reverse the judgment on account of the defective or irregular service, or interfere by injunction, or otherwise, to prevent the collection thereof.

*Error from Rice District Court.*

ON the 15th of March, 1889, the *First National Bank of Emporia* brought an action in the district court of Lyon county, in this state, against the *Geneseo Town Company* and *H. C. Cross,* upon the following writing:

"SALINA, KAS., December 23, 1887.
"J. R. Bell, Esq., treasurer of the Geneseo Town Company: Pay to M. N. Beatty, agent Kansas & Kanopolis Central Railway Company, seventeen hundred dollars ($1,700), being the amount appropriated by our company in aid of the above-named railway.        E. C. MODERWELL, *President.*
"Attest: S. A. CRIFFIELD, *Secretary.*"

It was alleged in the petition, among other things, that on the 4th day of January, 1888, M. N. Beatty, the agent of the railway company, presented the writing or order to J. R.

Bell, treasurer of the Geneseo Town Company, who indorsed upon the writing as follows:

"Lyons, Kas., January 4, 1888.

"The above and attached order, payable to M. N. Beatty, agent of the Kanopolis & Kansas Central Railway Company, is hereby accepted on the following terms: Eight hundred and fifty dollars ($850) payable in six months from the date hereof.                         J. R. Bell,
*Treasurer of the Geneseo Town Company.*"

And afterward the said M. N. Beatty, having authority so to do, indorsed upon the writing, "Pay the above amounts to H. C. Cross.— M. N. Beatty, *Agent*," and for a consideration delivered the same to H. C. Cross, who thereafter became the owner and holder of the same; that subsequently H. C. Cross indorsed the written instrument as follows: "Pay to H. C. Cross, cashier, or order.— H. C. Cross;" that after the writing or order was indorsed by H. C. Cross it became the property of the First National Bank of Emporia; that it was presented for nonpayment against all the parties who were indorsers, and although payment had been demanded thereon, they both, the town company and H. C. Cross, wholly failed, refused and neglected to pay the same. Service of summons was obtained upon H. C. Cross in Lyon county on the 25th day of March, 1889. On the same day a summons was issued to the sheriff of Barton county, and personally served on the 26th of March, 1889, in that county, upon E. C. Moderwell, president of the Geneseo Town Company. On the 24th day of May, 1889, judgment was entered against the Geneseo Town Company as principal, and H. C. Cross as surety, in the case, for $1,816.68 and costs. Execution was ordered to issue. The town company made no appearance in the case, by answer or otherwise. Subsequently, an execution was issued upon the judgment, directed to the sheriff of Rice county, commanding him to collect the amount thereof from the property of the Geneseo Town Company. The sheriff levied upon lands and tenements of the town company, advertised the same for sale, and was about to sell the same, when

the town company brought this action in the court below against Sheldon Stoddard, the sheriff of Rice county, and the First National Bank of Emporia, alleging therein, among other things, that the judgment rendered in Lyon county was void, upon the ground that the petition did not state facts sufficient to constitute a cause of action against the Geneseo Town Company; that H. C. Cross was not a proper party defendant, and that he was improperly joined in the action as defendant, and without any lawful right so to do, simply for the purpose of having service of summons made upon the Geneseo Town Company in Barton county. The defendants in the action admitted the recovery of the judgment in the district court of Lyon county, the issuance and levy of the execution complained of, and demanded judgment for costs. The answer was demurred to, and sustained by the court. The defendants excepted, and bring the case here.

*C. N. Sterry,* for plaintiffs in error:

The court below having jurisdiction, its judgment can in no sense be said to be a void judgment, however voidable it might have been; and if not a void judgment, of course the district court of Rice county had no jurisdiction to render the judgment which it did in this case. *Meixell v. Kirkpatrick,* 28 Kas. 316.

If this suit was brought in the wrong county, so far as defendant in error was concerned, it, after the service of process upon it, should have appeared and moved to set aside such service, or have filed a plea in abatement, or taken some action of that kind, in the court where the action was pending; and not having done so, it waived its present privilege of being sued only in some other county. *Rullman v. Hulse,* 33 Kas. 673. See, also, *Drainage Comm'rs v. Giffin,* 25 N. E. Rep. 995; *Stark v. Ratcliffe,* 111 Ill. 75; *Nelson v. Coolidge,* 42 Mich. 112; *Stark v. Barr,* 56 Tex. 130; *Hoffield v. Board of Education,* 33 Kas. 644; *Barnhart v. Davis,* 30 id. 520; *Nelson v. Becker,* 14 id. 509, 512; *Wilkins v. Tourtellott,* 42 id. 176.

*A. M. Lasley*, for defendant in error:

The defendant Cross, as shown by the instrument sued on in that action, the instrument being non-negotiable, was not only not a necessary and proper party in said action, but he could not be sued jointly with the maker of the paper or order, as he could had it been negotiable paper. Tied. Com. Paper, § 257*b; National Bank v. Grey*, 71 Mo. 637; *Cochran v. Strong*, 44 Ga. 636; *Ward v. VanBokkelen*, 2 Paige, 295; *Whitney v. McKinney*, 7 Johns. Ch. 144; *Fenton v. Hughs*, 7 Vesey, 287; 9 id. 269. See, also, *Brenner v. Egly*, 23 Kas. 123; *Allen v. Miller*, 11 Ohio St. 374.

As to whether the action was rightfully brought in Lyon county, and as to whether Cross was a necessary and proper defendant, in addition to the cases already cited, see *Rullman v. Hulse*, 32 Kas. 598; same case on rehearing, 33 id. 670; *Dunn v. Hazlett*, 4 Ohio St. 435.

If no necessary and proper party defendant in that case was to be found in Lyon county, then under the law, as we take it, no action could be founded there; and no process could issue from that court upon which a valid judgment could be taken; and that the enforcement of any invalid judgment can be enjoined, there is no question. *Chambers v. Bridge Co.*, 16 Kas. 270; *McNeill v. Edie*, 24 id. 110; *Meixell v. Kirkpatrick*, 28 id. 315.

We contend that, under the law, the First National Bank of Emporia might have begun its action in any county in the state where it could have obtained service upon the Geneseo Town Company, under § 49 of the code, and then issued summons under § 60 of the code to Lyon county or any other county, and brought in Cross, (if he had been a necessary and proper party defendant, which we claim he was not,) but it could not begin in the county where Cross resided, and issue summons to some other county to bring in the defendant corporation. The law, where the action is against a corporation created by the laws of Kansas, fixed, by § 49, the

jurisdiction in which the action may be commenced, and the bank, not having sought that jurisdiction, could not obtain a valid judgment.

The opinion of the court was delivered by

HORTON, C. J.: This action was commenced by the First National Bank of Emporia, in Lyon county. Service was made upon the defendant H. C. Cross in that county, and service upon the Geneseo Town Company was made upon the president of that company in Barton county. The petition alleged, among other things, that "after the paper (or written order) was indorsed by H. C. Cross, it became, was, and is, and ever since has been, the property of the First National Bank of Emporia, Kas.; that thereafter the paper was duly presented for nonpayment against all the parties therein, who were indorsers, and thereupon, and ever since said time, the said H. C. Cross has been responsible to the plaintiff, as indorser of said paper, for the sum thereof; that although long past due and often demanded from the said defendant the said town company, and the said defendant H. C. Cross, they, and each of them, have wholly failed, refused, and neglected, and still fail, refuse, and neglect, to pay the plaintiff the amount due upon said paper, or any part thereof; that there is now due and owing to the plaintiff from the said defendants, upon the said paper and the acceptance thereof, the sum of $1,700, with interest on $850 from April 1, 1888, and on $850 from July 1 to date." The town company did not appear by answer or otherwise. No motion to set aside the service of the summons upon its president was presented or made. No plea in abatement or other exception was taken to the service. Judgment was rendered for $1,816.68 and costs, against the Geneseo Town Company as principal, and against H. C. Cross as surety.

It was said in *Rullman v. Hulse*, 32 Kas. 598:

"Before a summons can be rightfully issued from one county to another, the person served with the summons in the county in which the action is brought must have a real

and substantial interest in the subject of the action, adverse to the plaintiff, and against whom some substantial relief may be obtained, and the action must be rightfully brought in the county in which it is brought, and as against the person served with summons in such county." See, also, *Brenner v. Egly*, 23 Kas. 123; *Dunn v. Hazlett*, 4 Ohio St. 435; *Allen v. Miller*, 11 id. 374.

Assuming, under the facts in this case, that H. C. Cross was not a proper and necessary party defendant, (*Iron Works v. Paddock*, 37 Kas. 510,) the question presented is, whether the judgment rendered in Lyon county was wholly void or voidable only. The petition stated a good cause of action against the town company. The court had jurisdiction of the subject-matter. The summons was served upon the president of the town company in another county, and, as he had power to receive notice for and on behalf of the corporation, the summons was actually served upon the town company; service upon the president being service upon the corporation. (*Hoffield v. Board of Education*, 33 Kas. 644.) If Cross was not a proper and necessary party, it may be said that the summons was erroneously or improperly served upon the president of the town company in another county. (Civil Code, §§ 34, 35, 36, 37, 46, 47, 48, 49, 50, 55, 60.) But a defendant may waive an irregular or erroneous service. We think, if a civil action is brought against a defendant in the wrong county, but personal service of a summons is made upon him and a defendant in the county where the action is pending, and the court has general jurisdiction of the subject-matter, and there is sufficient in the petition to challenge the attention and decision of the court as to the liability of both defendants, and the court holds that both defendants are liable, and renders judgment against both, the judgment rendered upon default against the defendant served in the wrong county is not void. The defendant in such a case ought to take advantage of the defective service by a motion, plea, or otherwise. If the service or the jurisdiction of the court acquired by its process is not challenged in any way before or after judg-

ment, in the court rendering the judgment, a defendant cannot avail himself of a review or correction of such judgment through some other court of the same jurisdiction but having no appellate power. (*Meixell v. Kirkpatrick*, 28 Kas. 316; *Rullman v. Hulse*, 33 id. 670.)

In *Drainage Comm'rs v. Giffin*, 25 N. E. Rep. (Ill.) 995, the court said:

"The statutes, as has frequently been held in this court, give the defendant a privilege merely of being sued in the county where he resides or may be found, and that to avail himself of such privilege he must do so in apt time, by plea to the jurisdiction, or he will be deemed to have waived it." (*Drake v. Drake*, 83 Ill. 526; *Railway Co. v. Williams*, 77 id. 354; 1 Black, Judgm., §§ 86, 223, 224.)

In *Stark v. Ratcliffe*, 111 Ill. 75, the syllabus contains the following:

"The constitution of Texas expressly gives the district court of that state jurisdiction in all suits for the trial of title to land, but there is a statute of that state requiring suits for the recovery of land to be brought in the county where the land lies. An action of ejectment for land in such state was brought in the district court, but not in the county where the land was situate, and no objection being made to the jurisdiction, the court rendered judgment for the plaintiff. *Held*, That as that court had a general jurisdiction over the subject-matter, its judgment could not be treated as void in a collateral action in this state, and that such judgment was admissible in evidence to show an eviction of the defendant in ejectment."

In that case, Mulkey, J., speaking for the court, said:

"We understand the rule to be, that if a local action is brought against one in the wrong county, and the court in which the action is brought has a general jurisdiction in that class of cases, the defendant must plead to the jurisdiction, or otherwise take advantage of the irregularity, in the court where the action is brought. He will not be permitted, after having remained silent and permitted judgment to go against him, to call in question its validity for the first time in a mere collateral proceeding, as is sought to be done here. The rule as here stated we understand to be fully recognized by the courts of Texas, to whose laws we must look in determining

the validity of this judgment." (*Ryan v. Jackson*, 11 Tex. 391; *Morris v. Runnels*, 12 id. 177; *Stark v. Burr*, 56 id. 130. See, also, *Thornton v. Writing Machine Co.*, 9 S. E. Rep. [Ga.] 679; *Atchison v. Morris*, 11 Fed. Rep. 582, and cases there cited; *Larned v. Griffin*, 12 Fed. Rep. 590, and cases cited; *Palmer v. Rowan*, 21 Neb. 452, and cases cited; 1 Tidd, Prac., ¶ 81; notes to *Prentiss v. Commonwealth*, 16 Am. Dec. 784; *Matthews v. Puffer*, 10 Fed. Rep. 606; *Wilson v. Coolidge*, 42 Mich. 112.)

The judgment of the district court will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.