## A. E. Griesser, trading as A. E. Griesser Fruit & Produce Company, Defendant in Error, v. W. E. Taylor, Plaintiff in Error.

### Gen. No. 6,278.

1. PROCESS, § 12*—*when summons void.* A summons issued and dated the first day of October, and returnable on the "second Monday of October next," *held* void.

2. PROCESS, § 75*—*how defect in taken advantage of.* Any defect in a writ, its service or return, which is apparent from the inspection of the record, may be taken advantage of by motion to quash the summons and dismiss the suit, and need not be raised by plea in abatement.

3. APPEAL AND ERROR, § 1802*—*when cause remanded for further proceedings.* Where a summons is improperly issued and confers no jurisdiction, the judgment should be reversed but remanded for further proceedings, especially where the fault is that of the clerk and not of the party or his attorneys.

Error to the County Court of Woodford county; the Hon. ARTHUR C. FORT, Judge, presiding. Heard in this court at the April term, 1916. Reversed and remanded. Opinion filed August 10, 1916.

JOHN R. TWEDDALE and ORMAN RIDGELY, for plaintiff in error.

CLARENCE W. HEYL and HARRY C. HEYL, for defendant in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

On October 1, 1915, a summons was issued by the clerk of the County Court of Woodford county returnable on the "second Monday of October next," at the suit of *Griesser v. Taylor,* and the same was duly served on that day. On October 11th, Taylor, by his attorney, entered an appearance in said cause limited to the purpose of making said motion, and moved the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

court to quash the summons and dismiss the suit for the reason that the said summons was made returnable to the October term, A. D. 1916. Said motion was heard and denied. Taylor did not appear further. There was a default and a judgment for the amount stated in the affidavit of claim. Taylor sued out this writ of error to review that judgment.

The summons was dated and issued October 1, 1915, and it was made returnable on the second Monday of October next. Taylor contends that this means October, 1916; Griessner contends that it means "the next second Monday of October, 1915," and that the word "next" does not refer to the word "October." In *Calhoun v. Webster*, 3 Ill. 221, the summons was dated November 6, 1839, and was returnable on the third Monday of November next. It was held that the writ was absolutely void. In *Rattan v. Stone*, 4 Ill. 540, where the summons was returnable on the fourth day of the term instead of the first day, it was held to be void. In *Hildreth v. Hough*, 20 Ill. 331, the summons was dated October 11, 1855, and was returnable on the fourth Monday of October next. It was held that the word "next" referred to the month and not to Monday, and that the writ was a nullity. In *Elee v. Wait*, 28 Ill. 70, the summons in chancery was dated March 2, 1860, and required the defendant to appear on the third Monday of March next. This was held to be a nullity. In *Miller v. Handy*, 40 Ill. 448, the writ there discussed was dated August 1, 1838, and was returnable on the third Monday of August next. It was held to be a nullity, and that by no rational construction could it be made good. In *Hochlander v. Hochlander*, 73 Ill. 618, the writ was dated May 8, 1872, and returnable on the third Monday of May next, and it was held that the service thereof failed to confer jurisdiction. In *Culver v. Phelps*, 130 Ill. 217, the writ there discussed was dated October 6, 1875, and was returnable on the first Monday of October next. It was held void.

The reason why such writs returnable by the terms thereof one year later or more are void is because section 1 of the Practice Act (J. & A. ¶ 8538) requires writs to be returnable on the first day of the next term, or if ten days do not intervene, then to the succeeding term, and that the plaintiff may have the summons returnable at any term of court within three months after the date thereof, and no other provision is made for the return day of a summons. Though this section 1 of the Practice Act is not in precisely the same language as former acts, yet so far as here involved, it is substantially the same. The law terms of the County Court of Woodford county are held in October, February and June, and no summons issued by the County Court of that county in October on the law side thereof could legally be made returnable in the following October.

The defendant in error argues that this question should have been raised by a plea to the jurisdiction of the court, having certain formal characteristics not found in this written motion. In *McNab v. Bennett,* 66 Ill. 157, it was held that motions to dismiss which assume the office of a plea in abatement will not be entertained unless the objection appears upon the face of the papers. In *Greer v. Young,* 120 Ill. 184, in discussing this subject, the court said the rule recognized by repeated decisions and in strict accord with the common-law practice is: "That any defect in the writ, its service or return, which is apparent from an inspection of the record, may properly be taken advantage of by motion, but where the objection is founded on extrinsic facts, the matter must be pleaded in abatement, so that an issue may be made thereon, and tried, if desired, by a jury, like any other issue of fact." In *Willard v. Zehr,* 215 Ill. 148, the same question was decided in the same way and in substantially the same language. The defect here appears from an inspection of the summons, which is a part of the rec-

ord. It therefore could be taken advantage of by motion.

It follows that the motion should have been granted and the summons should have been quashed. In some of the earlier cases above cited, it seems to be indicated that the suit should be dismissed and the plaintiff not permitted to take out another summons in the same case, but in *Ladies of the Maccabees v. Harrington*, 227 Ill. 511, where it was held that the summons had been improperly issued and that its service conferred no jurisdiction, as originally decided, the judgment was merely reversed; but upon a rehearing the cause was remanded to enable the plaintiffs to take such steps as they might desire to acquire jurisdiction of the appellant; and we are of opinion that we should follow that course here. There is additional reason for so holding. Plaintiff's attorneys filed a *præcipe* for a summons which was addressed to the proper term, and the fault seems to have been that of the clerk of the County Court and not of the plaintiff. Under section 18 of the Fees and Salaries Act (J. & A. ¶ 5619), the fees of the clerk of the County Court in counties of the class of which Woodford belongs are the same as allowed the circuit clerk, and by another provision in the same section can be collected in advance except in criminal cases; and under section 14 of said Act (J. & A. ¶ 5615), the fees of the circuit clerk for bringing such a case as this are eight dollars, and are required to be paid in advance. We may properly assume that such fee was here paid in advance by the plaintiff. He ought not to be deprived of the benefit of the payment and required to commence a new action when the fault was that of the clerk and not of the plaintiff or his attorneys. The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*