John H. Craig, Receiver of Assumption Coal Company, Appellee, v. Sullivan Machinery Company, Appellant.

Gen. No. 8,400.

Heard in this court at the January term, 1930. Opinion filed April 22, 1930. Modified and refiled July 10, 1930.

FISHER, BOYDEN, BELL, BOYD & MARSHALL, JOHN E. HOGAN and JOHN W. COALE, for appellant; DARRELL S. BOYD and EARL K. SCHIEK, of counsel.

LESLIE J. TAYLOR, for appellee.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

John H. Craig, as receiver for the Assumption Coal Company, brought suit in assumpsit returnable to the March term, 1929, of the circuit court of Christian county. The praecipe was filed on February 25, 1929, praying for the issuance of a summons returnable to the March term and directed to the sheriff of Christian county. The clerk, however, issued a summons directed to the sheriff of Cook county. The return on the summons recites that it was served on the appellant, the Sullivan Machinery Company, by delivering a copy thereof to E. A. Krevis, agent of said corporation, on February 28, 1929. The return is signed by John E. Traeger, the sheriff of Cook county, by James E. McSweeney, his deputy.

The declaration filed by the appellee contains five common counts, to wit: for money received for the use of plaintiff; goods sold and delivered (two counts, one of which alleges an indebtedness of $5,000 and the other a reasonable worth of $5,000); an account stated,

and a consolidated count for money lent and advanced, money expended, money received, interest, work and materials.

The declaration contains two special counts. In the first of these special counts the appellee alleged that on November 19, 1928, he bought of the defendant an undercutting electric coal mining machine known as a Class CLE-2 electric coal mining machine, for $4,200. He alleges (1) a guaranty of freedom from mechanical defects and a promise to replace defective parts during six months from date of shipment; (2) that after making the contract defendant guaranteed that the machine would operate successfully in the underground workings of the Assumption Coal Company; (3) an agreement of the defendant that it would furnish an expert in charge of said machine until it did operate successfully. It is then charged that the machine was not free from mechanical defects, was not mechanically correct for the mining of coal in the mine of Assumption Coal Company and that defendant did not furnish a representative who successfully operated the same.

The plaintiff further alleges that the defendant directed the removal of the machine from the mine, subject to shipping instructions which were never given.

The second special count of the declaration is identical with the first special count except that the allegation respecting the replacement of defective parts is omitted. The allegation respecting the suitability of the machine for the mine is alleged in this count to be a part of the original contract and not to be the subject of the later contract as is alleged in the first special count.

A copy of the account sued upon is attached to the declaration, as is also a copy of the written contract for the purchase of a mining machine by the appellee from the appellant. This copy differs in material elements from the copy introduced into evidence. The second

paragraph under the caption "title" is not stricken out, nor is the paragraph under the caption "Acceptance" stricken out, as is true of the copy or duplicate of the agreement introduced into evidence.

There was a declaration filed as stated, based upon the common counts, and a special count for damages upon a contract which appellant failed to carry out, as charged. The appellant entered a special and limited appearance in writing and a motion to quash the service of summons and dismiss the suit, setting forth as grounds therefor that the appellant was not found or served in Christian county and is not and never was a resident of Christian county.

In support of this motion an affidavit was filed of N. H. Blatchford, Jr., assistant treasurer of the appellant. This affidavit sets forth that the appellant is a Massachusetts corporation, licensed to do business in Illinois, with its principal place of business at 122 South Michigan Avenue, Chicago, Cook county, Illinois; that it is a resident of Cook county and has no offices or place of business anywhere in Illinois, excepting Chicago, and is not a resident of Christian county and has no place of business there and that the service of summons was made in Chicago, Cook county, Illinois.

The motion of the appellant was overruled and it refused to plead further. A default was entered and thereupon the court without a jury heard the evidence introduced by the appellee, and made a finding and entered judgment for $4,316.60, to which finding and judgment exceptions were entered and an appeal was prayed and perfected to this court.

It is insisted by appellee that the question of the court's jurisdiction over the person of the appellant, as in this case, can be raised only by a plea in abatement and cannot be raised by motion. (*Greer v. Young,* 120 Ill. 184, 191; *Comrs. of Drainage Dist. v. Griffin,* 134 Ill. 330, 338; *Griesser v. Taylor,* 200 Ill.

App. 549; *Clark v. The Daniel Hayes Co.*, 215 Ill. 325.) The use of a praecipe has no place in the law of practice and can be used only where it is not followed by the clerk, as a basis for the party using it, to amend. In *Greer v. Young, supra,* the court laid down the rule as follows: "The rule, as recognized here in repeated decisions, and which is in strict accord with the common law practice, is, that any defect in the writ, its service or return, which is apparent from an inspection of the record, may properly be taken advantage of by motion, but where the objection is founded upon extrinsic facts the matter must be pleaded in abatement, so that an issue may be made thereon, and tried, if desired, by a jury, like any other issue of fact. If the plaintiff is successful upon such issue, the judgment is *quod recuperet.* It is therefore to him a valuable right to have the issue thus made up and tried. To permit the defendant to try an issue of this kind on affidavit, as was done, gives him a decided advantage, for if he fails, his motion would be simply overruled, and he would still have a right to a trial on the merits. To permit a party to thus speculate on the chance of succeeding on a purely technical ground, without incurring any risk, and without any compensation to the plaintiff in case of failure, is contrary to the spirit of the common law, and is in direct conflict with the decisions of this court. *Holloway v. Freeman,* 22 Ill. 197; *McNab v. Bennett,* 66 Ill. 157; *Union National Bank v. First National Bank,* 90 Ill. 56; *Rubel v. Beaver Falls Cutlery Co.,* 22 Fed. Rep. 282; *Holton v. Daly,* 106 Ill. 131; *Hearsay v. Bradbury,* 9 Mass. 96; *Bean v. Parker,* 17 Mass. 601; *Guild v. Richardson,* 6 Pick. 368; *Charlotte v. Webb,* 7 Vt. 48; *Lillard v. Lillard,* 5 B. Mon. 340."

Appellant contends that the rule laid down in *Greer v. Young, supra,* is no longer the law of this State. We fail to find any case where it has been reversed or modified. It has been followed in *Willard v. Zehr,* 215

Ill. 148, 155; *Griesser v. Taylor,* 200 Ill. App. 549, and *Clark v. The Daniel Hayes Co.,* 215 Ill. App. 350. The fact that similar cases may have been heard in courts of review, upon motion, is commented upon in *Clark v. The Daniel Hayes Co., supra,* and the court states on page 354:

"Similar questions seem to have been heard in our trial courts on motion, and reviewed by our Supreme and Appellate Courts without any question as to the propriety of that practice. *Booz v. Texas & P. Ry. Co.,* 250 Ill. 376, is one of those cases. It may well be that where counsel appear in the trial court and submit a question without proper pleadings or competent evidence and ask a decision of the judge on facts so presented, they could not afterwards complain as to the method of procedure; but in the present case appellees introduced no testimony—the record simply shows them present by counsel when the motion was heard, and appellant does not suggest that appellees' failure to specifically object below to the mode of procedure estops them from raising the question here."
Neither is there any defect appearing upon the face of the summons or return in the case at bar invalidating the process or in derogation of the jurisdiction of the court. The court is a court of general jurisdiction. The rule is well stated in *Iles v. Heidenreich,* 271 Ill. 480, 485:

"The territorial jurisdiction of the municipal court is confined to the territorial limits of the city of Chicago. (Hurd's Stat. 1913, chap. 37, sec. 28, p. 735; *Wilcox v. Conklin,* 255 Ill. 604.) Said section 28 of the Municipal Court Act is similar to section 6 of the Practice Act (Hurd's Stat. 1913, p. 1859), which provides that it shall not be lawful for any plaintiff to sue any defendant out of the county where the latter resides or may be found, except in local actions, etc. Under this section it has been frequently and uniformly held that the statute confers a privilege upon one who is made

defendant in a suit, of which he can avail himself if he chooses, but if he does not plead his privilege in apt time he will be regarded as having waived it and submitted to the jurisdiction of the court. (*Kenney v. Greer*, 13 Ill. 432; *Waterman v. Tuttle*, 18 Ill. 292; *Hardy v. Adams*, 48 Ill. 532; *Humphrey v. Phillips*, 57 Ill. 132; *Wallace v. Cox*, 71 Ill. 548; *Drake v. Drake*, 83 Ill. 526; *Mason and Tazewell Drainage District v. Griffin*, 134 Ill. 330.) According to these authorities it was the duty of plaintiff in error to plead to the jurisdiction of the court at the earliest moment.''

The same rule is laid down in *Holloway v. Freeman*, 22 Ill. 197; *McNab v. Bennett*, 66 Ill. 157, 158; *Stark v. Ratcliff*, 111 Ill. 75; *Comrs. of Drainage Dist. v. Griffin*, 134 Ill. 330; *Harrison v. National Bank of Monmouth*, 207 Ill. 630. In all of the cases it is held that the rule of section six of the Practice Act, Cahill's St. ch. 110, ¶ 6, ''It shall not be lawful for any plaintiff to sue any defendant out of the county where the latter resides or may be found,'' etc., is a mere privilege which the defendant may waive and the jurisdiction of the court is not ousted by the services of a summons out of the county in which suit is brought. Unless a defendant, when sued in a foreign county, insists on his privilege in apt time by a plea to the jurisdiction, he will be presumed to have waived his privilege to be sued in his own county. (*Holloway v. Freeman, supra; Allen v. Watt*, 69 Ill. 655; *Stark v. Ratcliff, supra,* and *Comrs. of Drainage Dist. v. Griffin, supra.*) The question of jurisdiction of the court over the person of the defendant cannot be taken advantage of by a motion to dismiss. (*Hardy v. Adams*, 48 Ill. 532.) *Hardy v. Adams, supra,* is identical in its facts with the case at bar and demonstrates that nothing appearing on the face of the writ or in the return rendered the process void or even defective. The defendant may be a domestic or foreign corporation; that is a question of fact to be determined. The defendant may or may not be

transacting business in this State and may or may not have any tangible property in this State. These are questions of fact upon which plaintiff is entitled to the verdict of a jury. If appellant had pleaded in abatement the facts set out in appellant's affidavit of extrinsic matters, appellee could have replied that appellant was a foreign corporation, transacting no business in the State and having no tangible property in the State, but that appellant had appointed the said E. A. Krevis as its agent at Chicago, Illinois, upon whom service could be had by any plaintiff in the State desiring to bring suit against appellant. (Cahill's St. ch. 32, ¶ 92.) In such a case the summons and return would not have been void under the statutes of this State.

Appellant bases its motion, not upon the record, but upon the extraneous matters brought into the case by its affidavit in support of the motion. It was not error to deny appellant's motion to dismiss. Appellant should have pleaded in abatement, in which case the plea would have afforded plaintiff a better writ, if plaintiff should be entitled to a writ in any event.

Some complaint is made that the testimony presented by appellee did not establish the case set out in the declaration. We have examined the charge and the proofs and we cannot sustain appellant's contention. It is claimed there is a variance. It is sufficient answer to say that appellant took no part in the proceedings and made no objection of any kind.

For the reasons stated, the judgment of the circuit court of Christian county is affirmed.

*Affirmed.*

On petition for rehearing, opinion modified and decision adhered to.

NIEHAUS and ELDREDGE, JJ., concur.