## Patrick Reilly v. Fred A. Cooper.

### Gen. No. 10,810.

1. JUDICIAL PROCEEDINGS—*effect given to, of sister states.* The courts of this state will give the same faith and credit to judicial proceedings had in other states as are given to them in such states.

2. CALIFORNIA LAW—*construction placed upon.* In California, a provision which provides that a justice of the peace must enter judgment at the close of the trial is directory merely.

Attachment proceeding.   Error to the Superior Court of Cook County; the Hon. GEORGE W. PATTON, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1902.   Affirmed. Opinion filed March 21, 1905.

JAMES EDWARD PURNELL, for plaintiff in error.

JAMES F. TROUT, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

Defendant in error Cooper commenced a suit in attachment against plaintiff in error before a justice of the peace. The writ was served on certain garnishees, and plaintiff in error Reilly filed a recognizance with surety and the garnishees were discharged.   Upon the trial before the justice, judgment was entered in favor of the defendant Reilly, and Cooper the plaintiff took an appeal to the Superior Court of Cook county.   On the trial in that court the plaintiff Cooper read in evidence a transcript of a judgment entered in a city justice court of the city of Los Angeles, California. It was admitted that the justice of the peace had jurisdiction of the parties and the subject-matter at the close of the trial and that by the law of California judgments bear interest at seven per cent.

The defendant, to maintain the issue on his part, read in evidence section 892 of the Code of Civil Procedure of California relating to justices of the peace as follows: "Where

trial is by court, judgment must be rendered at the close of the trial."

The Superior Court found for the plaintiff and entered judgment against defendant. From that judgment this writ of error is prosecuted.

It appears from the transcript that without any order of continuance for further hearing, or any date being fixed, the justice adjourned court and did not enter judgment until about ten months after the trial. It is claimed by plaintiff in error that the justice court of California, under the above quoted section of the statute of that state, lost jurisdiction, by the delay, to enter judgment. This· is the question presented by the record for determination. The courts of this state will give the same faith and credit to judicial proceedings had in other states as are given to them in such states. In determining the validity, force and effect of a judgment of a court of a sister state, our courts must look to the laws of such other state and be governed by the construction of the laws of such state, which its courts have given. Belton v. Fisher, 44 Ill. 34; Stark v. Ratcliff, 111 Ill. 75. In Heinlen v. Phillips, 88 Cal. 557, the validity of a judgment by a justice of the peace, entered six weeks after the trial, was involved. After quoting the above mentioned section of the statute, the court say: "It is to be observed that no penalty is prescribed or consequence attached to a violation of this section, and we think that if the legislature had intended that the delay of a day by the justice (for that would be a violation of the provision) should subject the parties to the expense of a retrial, it would have said so in express terms. A similar but much stronger provision was enacted in relation to the district courts, but it was held to be merely directory (McQuillan v. Donahue, 49 Cal. 157). It is true that the Superior Court is a court of general jurisdiction, while the justice's court is one of limited jurisdiction. But the decision did not proceed upon the power of the court, but upon the intention of the legislature. The judgment is affirmed."

This decision is conclusive upon the question here presented. The judgment is affirmed.

*Affirmed.*